Marie Bell McMULLEN, Appellant
(Defendant below),

v.

John T. McMULLEN, Appellee
(Plaintiff below).

No. 4757.

Supreme Court of Wyoming.

Jan. 12, 1977.

ORDER DISMISSING APPEAL

GUTHRIE, Chief Justice.

The court having examined the record in the above case, finds:

1. The decree of divorce appealed from was entered in the district court on July 20, 1976.

2. A motion for a new trial was thereafter filed.

3. By the provisions of Rule 59(f), a motion for a new trial is deemed denied unless within 60 days of the determination thereof it is continued by order of the court or by stipulation of the parties. No such order was entered by the court nor was a stipulation entered into by the parties.

4. By the terms of Rule 73(a), the time for filing a notice of appeal expires 30 days after the expiration of the 60-day period provided by Rule 59(f).

5. The notice of appeal was filed after the expiration of 90 days following entry of the decree.

6. The time may be extended further only by compliance with Rule 59(f). *Sun Land and Cattle Co. v. Brown,* Wyo.1964, 387 P.2d 1004.

7. The time limitation for filing a notice of appeal is jurisdictional, strict and untimeliness may be raised by this court without suggestion of the appellee. *Bowman v. Worland School District,* Wyo.1976, 531 P.2d 889.

8. The appeal must be dismissed.

ORDERED, that the appeal to this court in the captioned cause be and is hereby dismissed.

McCLINTOCK, Justice, in which ROSE, Justice, joins, dissents from the foregoing order upon the following basis:

Notwithstanding the fact that appellee himself obtained a 20-day extension of time in which to file affidavits in response to the motion to amend or for new trial, and notwithstanding the fact that the question of timely action upon the motion to amend or for new trial was raised by appellee in the court below and apparently rejected by the trial judge, in that he partially amended the judgment and denied the balance of the motion to amend and the motion for new trial, I readily concede that a crucial question of jurisdiction of this court exists which we must settle prior to further consideration of the appeal or ancillary matters therein.

While I can agree that the partial record on appeal as filed herein shows no order of the district court extending the time for consideration of the motion to amend or for new trial, I do not agree with finding No. 3 of the order of this Court to the effect that there was no stipulation entered into by the parties, which in my opinion could be orally or by conduct.

In *Tranel v. Gilkey* (524 P.2d 580 (1974)), by order dated March 1, 1974, (not reported as an opinion of this Court) we denied a specific motion of the appellee to dismiss the appeal on grounds that timely notice of appeal had not been filed. The basis for our denial was that memoranda submitted by the parties showed that "hearing on the motion for new trial was continued by a mutual understanding of the trial court and counsel so that provisions of Rule 59(f) were inapplica-

ble." To me, the present order of dismissal is inconsistent with that ruling and I think we should require a showing, either by stipulation or affidavits of the parties or their counsel, of the events transpiring in the court below bearing upon the delay in hearing the motion.