Kyle JOHNSON, Kim A. Harris, and
Robert Lapp, Appellants
(Defendants below),

v.

Harry HAUFFE, Gene Bachmeier, Roy
Putnam, and Ed Mintun, Appellees
(Defendants below).

No. 4713.

Supreme Court of Wyoming.

Aug. 9, 1977.

H. R. Obert, Billings, Mont., for appellants.

Harry E. Leimback and David B. Park, Casper, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Appellants seek reversal of a judgment denying them damages for injuries sustained during an altercation in a bar. Their notice of appeal was not timely, and we must dismiss this appeal by virtue of our rules and prior decisions.

The judgment and decree herein were filed on February 5, 1976; motions for new trial and to alter or amend judgment also were filed that day. According to Rule 73(a), W.R.C.P., the running of the time for appeal was then suspended until the entry of an order granting or denying these motions. Rule 59, W.R.C.P., under which these motions were filed, provides that if either of these kinds of motions is not determined within 60 days after entry of judgment it shall be deemed denied, unless within the 60 days the determination is continued by order of the court or by stipulation. No such order or stipulation has been discovered in the record herein, and none is listed in the copy of the district court docket. Sixty days after the entry of judgment was April 5, 1976. The running of the time for appeal commenced on that date and would have terminated 30 days later, on May 5, 1976. See *Sun Land & Cattle Co. v. Brown,* Wyo., 387 P.2d 1004; *McMullen v. McMullen,* Wyo., 559 P.2d 37, 38; cf. *Brasel and Sims Construction Co. v. Neuman Transit Co.,* Wyo., 378 P.2d 501, 503. Appellants' notice of appeal was not filed until May 10. A written order denying the motions had been entered on April 12, after the motions were deemed denied. The entry of a written order denying Rule 59 motions after they have been deemed denied does not extend the time for appeal, absent stipulation and court order. The failure to file a timely notice of appeal is jurisdictional, *McMullen v. McMullen, supra; Sun Land & Cattle Co. v. Brown, supra.*

Appellees have moved for an award of costs and attorney's fees on appeal. Because this is proper only in aggravated cases we hesitate to impose such penalties, *Keller v. Anderson,* Wyo., 554 P.2d 1253. Ordinarily this might be determined by an examination of appellants' presentation in determining whether it would be proper to make such award. However, because appellees herein failed to raise or argue the dispositive issue in the appeal, i. e., timeliness of the notice of appeal, we will not apply this practice herein. Appellees could have saved considerable time for themselves and for the judicial system if, instead of pursuing a response to the appeal on issues which we cannot reach, they would have asserted this crucial jurisdictional issue. Appellees' expenses and attorney's fees would have been demonstrably less had this been called to the court's attention immediately upon the filing of this defective notice. The motion for costs, attorney's fees, and expenses is denied.

Appeal dismissed.