Frank E. WIENS, Appellant (Plaintiff),

v.

AMERICAN MOTORS CORPORATION, Appellee (Defendant).

No. 85–86.

Supreme Court of Wyoming.

April 1, 1986.

William D. Norman, Casper, for appellant.

Richard A. Waltz of Hall & Evans, Denver, Colo., and Nick Kalokathis, Cheyenne, for appellee.

Before THOMAS, C.J., ROONEY *, BROWN and CARDINE, JJ., and GUTHRIE, J., Retired.

* Retired November 30, 1985.

## ORDER DISMISSING APPEAL

PER CURIAM.

This case came on before the court upon the record, the briefs of counsel for both parties, and their oral arguments. The court has carefully examined and reviewed the record and briefs; has considered the oral arguments; and concludes that it has all the necessary information to deal with the question of the jurisdiction of the court in this case.

The Order of Dismissal, from which the appeal is taken, was entered on February 22, 1985. The time for filing a notice of appeal with respect to that Order of Dismissal expired on March 11, 1985. On March 15, 1985, the district court entered an Order for Extension of Time for Which to File Notice of Appeal, and that order recites that the attorney for the appellant requested the extension by telephone on March 11, 1985. The notice of appeal in this case then was filed on March 15, 1985.

Rule 2.01, W.R.A.P., provides in pertinent part that:

"An appeal * * * shall be taken by filing a notice of appeal within fifteen (15) days from the entry of the judgment or final order appealed from * * * except that (1) upon a showing of excusable neglect the district court in any action may extend the time for filing notice of appeal not exceeding fifteen (15) days from the expiration of the original time prescribed herein, *provided the application for extension of time is filed* and the order entered prior to the expiration of thirty (30) days from the entry of judgment or final order appealed from * * *." [Emphasis added.]

It is apparent that in order for an application for extension of time to be filed in accordance with Rule 2.01, W.R.A.P., it must be a written application, and it must encompass a showing of excusable neglect. The record before the court contained no written application for the extension of

time. None was filed. We can find nothing in the record to disclose any showing, by virtue of the written application or otherwise, of excusable neglect.

From these circumstances we conclude that the district court exceeded its authority in extending the time for filing the notice of appeal in this instance, and the Order for Extension of Time in Which to File Notice of Appeal was entered improperly. Our conclusion that the order of the district court did not extend the time for the appellant to file a notice of appeal requires that we find the notice of appeal not to have been filed timely. Timely filing of a notice of appeal is jurisdictional, and in the absence of a timely notice of appeal this court should dismiss. *In re Estate of Campbell*, Wyo., 673 P.2d 645, 648 (1983); *Cates v. Barb*, Wyo., 650 P.2d 1159, 1160 (1982); *Sanderson v. State*, Wyo., 649 P.2d 677, 679 (1982).

█ Because there was no timely notice of appeal in this case we conclude that the jurisdiction of this court was not invoked and that the appeal should be dismissed, and it therefore is

ORDERED that this case be, and the same hereby is, dismissed.