900 P.2d 977

BENEFICIAL FINANCE CORPORA-
TION and Travelers Insurance Compa-
ny, Involuntary Plaintiffs–Appellants,

and

Gwenette Bradley, Plaintiff–Appellee,

v.

Marian G. MORRIS, Defendant.

No. 16143.

Court of Appeals of New Mexico.

June 20, 1995.

Todd M. Aakhus, Stepleton & Aakhus, P.C., Albuquerque, for involuntary plaintiffs-appellants.

Angel L. Saenz, Las Cruces, for plaintiff-appellee.

## OPINION

APODACA, Chief Judge.

Appellants appeal from the district court's order distributing certain settlement proceeds involving a subrogation claim. Our calendar notices proposed summary dismissal. Unpersuaded by Appellants' arguments in opposition to our proposed disposition, we dismiss the appeal.

■ The order of distribution was filed on September 22, 1994. Appellants filed a motion for reconsideration on September 30, 1994. The motion was deemed denied by operation of law on October 30, 1994, thirty days later. *See* SCRA 1986, 1–050(D) (Repl. 1992). An order denying the motion was filed by the trial court on November 30, 1994, more than sixty days after the motion was originally filed. Under SCRA 1986, 12–201(D) (Repl.1992), the thirty-day period for filing a notice of appeal begins to run from the date of the automatic denial of the motion. Thus, at the latest, Appellants were required to file their notice of appeal on November 29, 1994. Since the notice was not filed until December 22, 1994, it was untimely.

■ In their memorandum in opposition to the first calendar notice, Appellants argue that, because the motion for reconsideration was brought under SCRA 1986, 1–059(E) (Repl.1992), the motion was not denied by operation of law after the expiration of thirty days. Appellants are correct in noting that subsection E does not affirmatively state that relief is automatically denied after thirty days. However, NMSA 1978, Section 39–1–1

(Repl.Pamp.1991), provides that a court's failure to rule on a motion within thirty days of its filing "shall be deemed a denial thereof." Thus, a motion for reconsideration is subject to the limitations of Section 39-1-1. *Cf. Crown Life Ins. Co. v. Candlewood, Ltd.,* 112 N.M. 633, 636, 818 P.2d 411, 414 (1991) (Section 39-1-1 does not apply to a motion only if another statute authorizes that an appeal can be brought within a period of time longer than thirty days). It is well settled that a trial court retains jurisdiction to amend its judgment for thirty days after its entry. *Luna v. Homestake Mining, Co.,* 100 N.M. 265, 268, 669 P.2d 741, 744 (Ct.App. 1983); *accord Corbin v. State Farm Ins. Co.,* 109 N.M. 589, 592, 788 P.2d 345, 348 (1990); *Bralley v. City of Albuquerque,* 102 N.M. 715, 719, 699 P.2d 646, 650 (Ct.App.1985).

The authorities relied upon by Appellants are unavailing. *Marquez v. Wylie,* 78 N.M. 544, 546, 434 P.2d 69, 71 (1967), although holding that the appellant's motion for new trial was not timely and therefore did not extend the time for appeal, also opined that judgments of the district court remain under control of that court only for a period of thirty days. Additionally, in *Perez v. Perez,* 75 N.M. 656, 660, 409 P.2d 804, 808 (1966), the Supreme Court held that a motion under Rule 1–059(E), as opposed to SCRA 1986, 1–060 (Repl.1992), merely extended the time for appeal. The extension of time is thirty days, as addressed in Section 39-1-1 and SCRA 1986, 12–201(D) (Repl.1992). Consequently, we hold that Appellants' motion to reconsider only extended the time for appeal for thirty days from the filing of the motion, because the judgment became final for all purposes at that time. *See Salinas v. John Deere Co.,* 103 N.M. 336, 342, 707 P.2d 27, 33 (Ct.App.1984) (denial of Rule 1–059 motion may reestablish the final judgment), *cert. quashed,* 103 N.M. 287, 705 P.2d 1138 (1985), *but see Labansky v. Labansky,* 107 N.M. 425, 426, 759 P.2d 1007, 1008 (Ct.App.) (denial of a motion for reconsideration is not appealable), *cert. denied,* 107 N.M. 308, 756 P.2d 1203 (1988).

Appellants also argue against the application of the "bright line rule" to their appeal, urging that this case falls within the twilight zone of finality. However, in *Trujillo v. Hilton of Santa Fe,* 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993), our Supreme Court expressed concern about piecemeal appeals involving "issues collateral to and separate from the decision on the merits." This appeal does not present such a situation. The issue dealt with in the district court's order distributing the settlement proceeds disposed of all remaining issues in the case. It did not involve a collateral matter or otherwise render a decision that was marginally final.

■ Lastly, we note that Appellants complain about the district court's failure to schedule the hearing within thirty days of the filing of the motion for reconsideration. Appellants could have requested an extension of time for filing the notice of appeal. SCRA 1986, 12–201(E) (Repl.1992). They did not do so, and an extension of time to file an appeal does not arise by implication from the filing of a motion for reconsideration. *See Labansky,* 107 N.M. at 426–27, 759 P.2d at 1008–09.

In summary, we dismiss the appeal for failure to file a notice of appeal timely.

**IT IS SO ORDERED.**

BOSSON and BUSTAMANTE, JJ., concur.