Submitted on respondent Tamarack Properties, Inc.'s, Motion to Dismiss Appeal filed January 27, motion granted; appeal dismissed June 10, 1998

Oma MINOR,
*Appellant,*

*v.*

LEISURE LODGE, INC.,
a California corporation,
and Tamarack Properties, Inc.,
an Oregon corporation,
*Respondents.*

(9604522CV; CA A100704)

961 P2d 915

William M. Ganong for motion.

Richard Billin and Robert E. Bluth, P. C., *contra.*

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant Tamarack Properties, Inc.[1] moves to dismiss plaintiff's appeal on the ground that the notice of appeal was untimely filed. We grant the motion and dismiss the appeal.

On November 1, 1997, the trial court issued a letter advising the parties that it was allowing defendant's motion for summary judgment. On November 5, defendant served plaintiff with a copy of its proposed form of judgment, which contained special findings of fact. On November 12, defendant filed the proposed form of judgment with the trial court. On November 14, plaintiff filed objections to the special findings. On November 20, the trial court signed the judgment as submitted by defendant and entered it in the register. On December 15, the trial court held oral argument on the objections. On December 17, the trial court issued a letter denying plaintiff's objections. On January 16, 1998, plaintiff filed a notice of appeal from the judgment signed on November 20.

Defendant argues that, under ORCP 62, plaintiff's objections to the special findings were deemed denied, and the November 20 judgment was deemed entered, on December 16, and, therefore, plaintiff's notice of appeal was not filed within the thirty days allowed by ORS 19.255.

ORCP 62 provides, in relevant part:

"Within 10 days after the court has made its decision, any special findings requested by any party, or proposed by the court, shall be served upon all parties who have appeared in the case and shall be filed with the clerk; and any party may, within 10 days after such service, object to such proposed findings or any part thereof * * *. Any such objections * * * shall be heard and determined by the court within 30 days after the date of the filing thereof; and, if not so heard and determined, any such objections * * * shall conclusively be deemed denied.

---

[1] The other defendant, Leisure Lodge, Inc., while technically a party to the appeal, does not appear to have actively participated in any of the proceedings before the trial court and is not a party to the motion to dismiss. Therefore, when we refer to "defendant" in this opinion, we refer only to Tamarack Properties, Inc.

"Upon (1) the determination of any objections to proposed special findings, * * * or (2) the expiration of the time for filing such objections, * * * or (3) the expiration of the time at which such objections * * * are deemed denied, the court shall enter the appropriate order or judgment. Any such judgment or order filed prior to the expiration of the periods above set forth shall be deemed not entered until the expiration of said periods."

Following the clear language of that rule, we conclude that plaintiff's notice of appeal was untimely. The objections filed by plaintiff on November 14 were deemed denied the day after the expiration of the thirty days allowed by ORCP 62 B. Because the thirtieth day from November 14, was Sunday, December 14, the deadline shifted to the next judicial day: Monday, December 15. *See* ORCP 10 A. Therefore, plaintiff's objections were deemed denied on December 16.

The last sentence of ORCP 62 C provides that a judgment filed before the expiration of the three time periods listed in the earlier part of that rule—all of which have to do with the filing of objections—"shall be deemed not entered until the expiration of said periods." That language, however, must be read in light of the last clause of ORCP 62 B which provides that, at the latest, objections are deemed denied on the thirty-first day after their filing. Read together, ORCP 62 B and C provide that the latest date on which a preexisting judgment may be deemed entered is the thirty-first day after the filing of objections.

In this case, the judgment signed and entered by the trial court on November 20 was deemed entered on December 16. ORS 19.255 gave plaintiff thirty days from that date to file a notice of appeal. The thirtieth day from December 16, 1997, was January 15, 1998. Therefore, plaintiff's January 16 notice of appeal was untimely.

Plaintiff argues for an alternative reading of ORCP 62 whereby a judgment is deemed entered upon the completion of any of the three events listed in ORCP 62 C, no matter when they occur. Specifically, plaintiff relies on ORCP 62 C(1) to argue that the judgment was deemed entered on

December 17 when the trial court actually denied her objections. According to that reading, the January 16 notice of appeal was timely.

Plaintiff's interpretation, however, ignores the clear language of the last clause of ORCP 62 B. By providing that any objections not disposed of within thirty days of filing are conclusively deemed denied, ORCP 62 B also places an outside limit on the date a preexisting judgment will be deemed entered under the last sentence of ORCP 62 C. Thus, if the trial court actually disposes of objections within thirty days, a preexisting judgment is deemed entered on the date the trial court disposes of the objections. On the other hand, as in this case, when the trial court does not dispose of the objections within the thirty days anticipated by ORCP 62 B, a preexisting judgment is deemed entered on the thirty-first day following the filing of the objections.

Plaintiff argues, finally, that ORCP 62 is inapplicable because "neither party requested special findings to support any award of special damages such as attorney fees or punitive damages," and that, regardless of ORCP 62's applicability, the trial court has allowed plaintiff's ORCP 71 A motion to set aside the judgment in question. Neither of those arguments, however, is supported by the record. First, defendant did, in fact, request special findings which were incorporated in the trial court's final judgment. Second, it appears that the trial court issued an order on March 6 indicating its intention to refrain from ruling on the ORCP 71 motion until we have disposed of defendant's motion to dismiss this appeal.

Motion granted; appeal dismissed.