Omar TUSSHANI, Appellant (Plaintiff),

v.

Roger ALLSOP, Laramie County Sheriff; Jeff Ketchum, Fred Emerich and Jack Knudson, Laramie County Board of Commissioners, in their official capacities; and Laramie County, Appellees (Defendants).

No. 99–304.

Supreme Court of Wyoming.

June 12, 2000.

Representing Appellant: Ronald G. Pretty, Cheyenne, Wyoming.

Representing Appellee: John McKinley of Davis & Cannon, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY *, GOLDEN, and HILL, JJ.

HILL, Justice.

Omar Tusshani (Appellant) alleges that the district court erred by failing to grant him an extension of time in which to file a notice of appeal pursuant to W.R.A.P. 2.01(a)(1). We conclude that Appellant has failed to demonstrate excusable neglect and affirm.

### ISSUE

Appellant posits a single issue for consideration:

Was it error for the district court, under the circumstances of this case, to fail to grant the appellant an extension of time to file a notice of appeal under W.R.A.P. 2.01(a) before the time to grant such an extension had expired.

The Appellees restate the issue slightly:

Did the District Court abuse its discretion by denying Plaintiff's Motion for Enlargement of Time to File Notice of Appeal?

### FACTS

Appellant filed suit against the Laramie County Sheriff, the Laramie County Board of Commissioners, the County Commissioners, and Laramie County for injuries allegedly suffered in an accident while he was a federal pretrial detainee in the Laramie County Detention Facility. On May 18, 1999, the district court entered an order granting summary judgment against Appellant on a portion of his claims against several of the defendants. Pursuant to W.R.C.P. 54(b) [1], the district court specifically found that there was "no just reason for delay and that a final judgment is hereby entered consistent with this order dismissing on the merits, and with prejudice, all claims and causes of action" asserted against those defendants.

Thereafter, Appellant sought review of the district court's order in this Court by filing a Petition for Review. After treating Appellant's petition as one for a Writ of Review under W.R.A.P. 13, we dismissed the action on the basis that the proper means of securing appellate review of a Rule 54(b) certification was by Notice of Appeal pursuant to W.R.A.P. 2.01(a) [2]. By the time our decision was issued, however, the 30–day period for filing an appeal had expired. In response, Appellant filed a motion with the district court for an extension of time in which to file an appeal per W.R.A.P. 2.01(a)(1). Pursuant to 2.01(a)(1), the time for filing an appeal

---

* retired June 2, 2000

1. **Rule 54. Judgment; costs.**

    . . . .

   (b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. **2.01 How and when taken; cross-appeals and dismissals.**

   (a) An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order and concurrently serving the same in accordance with the provisions of Rule 5, Wyo.R.Civ.P., (or as provided in Wyo.R.Cr.P. 32(c)(4)). Within five days of the filing of the notice of appeal with the clerk of the trial court, a copy of the notice of appeal shall also be filed with the clerk of the appellate court, and in a criminal case upon the office of public defender and the office of attorney general.

   (1) Upon a showing of excusable neglect, the trial court in any action may extend the time for filing the notice of appeal not to exceed 15 days from the expiration of the original time prescribed, provided the application for extension of time is filed and the order entered prior to the expiration of 45 days from entry of the appealable order; appellant shall promptly serve appellee a copy of the order extending the time. If such an order is issued, it shall be appended to the notice of the appeal.

may be extended by no more than a total of 45 days from the entry of the appealable order upon a showing of excusable neglect by the moving party. That 45–day period expired on July 2, 1999. The district court did not issue its order denying Appellant's request for an extension until July 6, 1999. Appellant filed a Notice of Appeal from that order on July 16, 1999.

## DISCUSSION

Appellant contends that the district court erred by failing to address his motion for an extension until after the 45–day appeal period had expired, and that it also erred in concluding that Appellant had not demonstrated excusable neglect in justification for an extension. Appellant claims that his failure to follow the proper procedure in perfecting an appeal of a Rule 54(b) certification to this Court constituted excusable neglect.

The timely filing of a notice of appeal is jurisdictional. *Venable v. State*, 854 P.2d 714, 716 (Wyo.1993); *State v. Berger*, 600 P.2d 708, 709 (Wyo.1979); W.R.A.P. 1.03 (LEXIS 1999). A party has 30 days in which to file a notice of appeal after the entry of an appealable order. W.R.A.P. 2.01(a). As noted, however, that 30–day period may be extended by an additional 15 days pursuant to motion under W.R.A.P. 2.01(a)(1) if excusable neglect is shown. Twenty-one years ago we said that:

> [t]his court has established precedent by unpublished orders and held that ignorance of the provisions of the Wyoming Rules of Appellate Procedure is not excusable neglect as a matter of law. *Hadley v. Plumber*, No. 5161; *Lewis v. Roper* (Wyo.), 579 P.2d 434. Excusable neglect is measured on a strict standard to take care of genuine emergency conditions, such as

death, sickness, undue delay in the mails, *Bosler v. Morad*, (Wyo.1975), 555 P.2d 567, and other situations where such behavior might be the act of a reasonably prudent person under the circumstances.

*Crossan v. Irrigation Development Corporation*, 598 P.2d 812, 813 (Wyo.1979). This case presents a clear instance of a failure to timely file a notice of appeal based on a misunderstanding of our rules of appellate procedure. As a matter of law, such a failure cannot constitute excusable neglect.

Furthermore, once the additional 15–day period provided by W.R.A.P. 2.01(a)(1) had expired, no extensions beyond that time could have been granted. *Matter of Estate of Graham*, 597 P.2d 967, 968 (Wyo.1979). Since the timely filing of a notice of appeal is jurisdictional in nature, no appellate jurisdiction would lie in this case in any event. Ideally, the district court should have issued its decision prior to the expiration of the 15–day period. However, without a demonstration of excusable neglect on Appellant's part, any error by the district court in not timely rendering a decision is harmless.

## CONCLUSION

As a matter of law, ignorance of the rules of appellate procedure cannot constitute the basis for a claim of excusable neglect in a motion to extend the time for filing a notice of appeal pursuant to W.R.A.P. 2.01(a)(1). The district court's denial of Appellant's motion is hereby affirmed.