2002 WY 124

**Nevins HARDING, Appellant (Defendant),**

v.

**George Thomas GLATTER and Joanne R. Glatter, Appellees (Plaintiffs).**

No. 01–47.

Supreme Court of Wyoming.

Aug. 26, 2002.

Ernest A. Roybal, Roybal Law Office, Cody, Wyoming, Representing Appellant.

Colin M. Simpson of Simpson, Kepler & Edwards, LLC, Cody, Wyoming, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] Nevins Harding appeals a judgment entered against him in a contract action. George and Joanne Glatter argue that the appeal was not filed timely, leaving this Court without jurisdiction to hear the appeal. We agree with the Glatters and dismiss the appeal.

### ISSUES

[¶ 2] Harding presents these issues:

1. Whether the Appellees met their Prima Facie burden of clearly establishing that there was no issue of material fact involved as to whether the Appellant made telephone calls to the Internal Revenue Service in Worland, Wyoming and Ogden, Utah on the telephone of R.M. Harding in January and February of 1996.

2. Whether, if the Appellees made a Prima Facie showing that no genuine issue of the [sic] material fact existed concerning who made the mentioned telephone calls and what was discussed, did Appellant meet his burden of demonstrating that a genuine issue of material fact did exist.

3. Whether the Trial Court erred in entering summary judgment because the evidence of the parties sets forth conflicting facts and resolution of the issues depends, at least in part, on the credibility of the witnesses.

4. Whether Summary Judgment is precluded due to the fact that contradictory inferences can be drawn from undisputed evidentiary facts.

5. Whether the "Liquidated damages" clause of the Agreement is punitive in na-

* Chief Justice at time of oral argument

ture and, therefore, unenforceable as against the Appellant.

The Glatters present the issues as follows:

1. Was the Notice of Appeal untimely under Rules 1.03 and 2.07(a), W.R.A.P. so as to deny this Court jurisdiction over the issues raised by Appellant?

2. Has Appellant failed to adequately supply this Court with a record of the proceedings below so as to preclude a review of the lower court's decision?

3. Did the trial court properly grant Appellees' summary judgment on their claim that Appellant violated the parties' "confidentiality agreement"?

4. Did Appellant waive any right to assert that the liquidated damages provision of the confidentiality agreement was a penalty provision by failing to raise this argument in the trial court?

5. Is the liquidated damages provision of the Parties' agreement valid and enforceable?

## FACTS

[¶ 3] The parties to this appeal have been involved in previous litigation against each other. The previous litigation culminated in a settlement agreement that contained several confidentiality provisions. The Glatters brought the instant action alleging several causes of action all stemming from their claim that Harding violated a confidentiality provision. The Glatters alleged, among other things, that they were entitled to damages pursuant to a liquidated damages clause in the settlement agreement. Harding answered and asserted several counterclaims against the Glatters.

[¶ 4] A partial summary judgment was entered in November 1999 against Harding awarding damages to the Glatters pursuant to the liquidated damages clause. The Glatters immediately filed a precipe for a writ of attachment and a precipe for a writ of execution. The Glatters seized several horses, which prompted a motion to intervene from Cheri Bischoff. Bischoff claimed she owned the horses seized by the Glatters. Bischoff

was allowed to intervene and the action proceeded based upon the initial complaint and counterclaims, and on Bischoff's "Petition to Quash the Writ of Execution and for Return of Property Wrongfully Seized" (Intervenor's Petition).

[¶ 5] In November 2000, all remaining claims and counterclaims from the initial complaint and answer were dismissed. On December 4, 2000, an "Order and Judgment" was entered disposing of all issues related to the Intervenor's Petition. On December 5, 2000, Harding, invoking W.R.C.P. 54(b), filed a "Motion for Entry of Final Judgment on Plaintiffs' and Defendants' Claims and Counterclaims." A "Final Judgment on Plaintiffs' and Defendants' Claims and Counterclaims" was entered pursuant to Harding's motion on January 25, 2001 (Final Judgment). Harding filed his notice of appeal on February 23, 2001, appealing the grant of partial summary judgment against him.

## DISCUSSION

[¶ 6] The Glatters have questioned the jurisdiction of this Court to hear this appeal, claiming that the notice of appeal was not timely filed. A notice of appeal must be filed "within thirty days from entry of the appealable order." W.R.A.P. 2.01(a). Failure to timely file a notice of appeal robs this Court of jurisdiction to hear the appeal. W.R.A.P. 1.03. The order being appealed from in this case is the order granting partial summary judgment against Harding entered in November 1999. The central question we must answer is when did that order become appealable, thus triggering the running of the thirty-day time limit in which to file a notice of appeal.

[¶ 7] The order granting partial summary judgment was interlocutory and initially was not certified as appealable pursuant to W.R.C.P. 54(b).[1] Without such a certification, the order on the partial summary judgment was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." W.R.C.P. 54(b). The corollary

---

1. In fact, Harding attempted to appeal the order granting the partial summary judgment upon its initial entry but the appeal was dismissed without prejudice upon Harding's motion.

of this rule is that, barring certification pursuant to Rule 54(b), all interlocutory orders become final and appealable once all the substantive claims of all the parties have been finally adjudicated and nothing is left for future consideration by the district court.

[¶ 8] The Glatters argue that there were no further issues outstanding between any of the parties as of the December 4 order. If this is true, then as of December 4, the litigation was ended. All prior interlocutory orders became appealable as of December 4, 2000. Rule 54(b) no longer had any application to the case since all claims against all parties had been adjudicated. Thus, Harding's December 5 motion and the ensuing judgment entered were not only unnecessary, they were unauthorized under the Wyoming Rules of Civil Procedure. The motion and judgment were, in effect, nullities and had no affect on the time for filing a notice of appeal. Harding's notice of appeal, filed in February 2001, was untimely, and this Court has no jurisdiction to hear this appeal.

[¶ 9] Harding does not seem to dispute that all issues as to all parties were determined as of the December 4 order. Harding did not brief the issue. His only statement on the issue came at oral argument when his attorney protested that he had never seen the December 4 order. Harding's attorney commented: "had I known about the other order, I would have simply relied on that order as the date when the final judgment was entered." Given this concession, the only potential argument that might exist would stem from the statement at oral argument from Harding's attorney that Harding was unaware of the December 4 order. Obviously, however, we are given no cogent argument or pertinent authority as to how Harding's being unaware of the December 4 order affects the question of the timely filing of his notice of appeal. We therefore refuse to consider any such potential argument. *VJL v. RED*, 2002 WY 25, ¶¶ 20, 21, 22, 39 P.3d 1110, 1114 (Wyo.2002) (declining to address an issue unsupported by cogent argument or pertinent authority). Given the state of the record and arguments before us, we determine that the order granting partial summary judgment against Harding became appealable on December 4, 2000.

## CONCLUSION

[¶ 10] Pursuant to W.R.A.P. 2.01(a), an appeal must be taken within thirty days from the entry of an appealable order. Failure to timely file a notice of appeal constitutes a jurisdictional bar to appellate review. W.R.A.P. 1.03. The December 4, 2000, order, taken in conjunction with the previous orders in the case, constituted a complete adjudication of the rights and liabilities of all parties to the action. The order granting partial summary judgment against Harding thus became appealable as of December 4, 2000. Harding did not file his notice of appeal until February 23, 2001. This appeal is untimely and is therefore dismissed.