PITTMAN, Judge.
This is an appeal from the trial court’s judgment in an action to recover a mobile home after the owner defaulted on her payments.
On June 28, 2001, Bombardier Capital, Inc. (hereinafter “Bombardier”), sued Marian Williams and Shontrice Williams.[1] Marian Williams was sued for having defaulted on payments due under a retail installment contract by which she financed the purchase of a mobile home from Landmark Mobile Homes (hereinafter “Landmark”). Williams filed an answer, asserting various defenses to the complaint. On the same day, Williams also filed a motion for a set-off. The motion stated that Williams had already secured an arbitration award of $39,442.23 against Landmark and then asserted that Williams was entitled to a set-off of this amount against the amount claimed by Bombardier. The trial court, without a hearing on the matter, granted the motion for a set-off, and ordered Williams to pay Bombardier $393.89,[2] and ordered Bombardier to ten *364 der title to the mobile home to Williams and to cancel the lien against the title. Bombardier filed a motion to reconsider the order granting the set-off, and the trial court took no action on it. Bombardier then filed a motion to alter, amend, or vacate the judgment, pursuant to Rule 59, Ala. R. Civ. P. The trial court held a hearing on the motion, and purportedly-denied the motion with a written order. Bombardier appeals.
Bombardier argues that by the language of the Federal Trade Commission (“FTC”) holder rule, and the caselaw interpreting that rule, the set-off ordered by the trial court is impermissible because it exceeds the allowable recovery under the FTC holder rule. Additionally, Bombardier argues that the trial court erred by allowing the Williams to keep the mobile home in question and by ordering Bombardier to tender title to the mobile home to Williams and to cancel its lien against said title. However, we do not reach those arguments here.
In Payne v. City of Athens, 607 So.2d 292, 293 (Ala.Civ.App.1992), this court stated:
“This court obtains jurisdiction over an appeal only after a timely notice of appeal has been properly filed with the clerk of the trial court. Rule 4(a)(1), Alabama Rules of Appellate Procedure .... The 42-day period for filing an appeal begins to run from the date on which the trial court entered its final order. Rule 4(a)(1), [Ala. R.App. P.] The time for appeal may be suspended by the filing of a Rule 59(e), Alabama Rules of Civil Procedure, motion. No suspension occurs if the motion is not filed within SO days of the entry of final judgment. Rule 59(e). If the motion is timely filed, the time for taking an appeal begins to run from the date of entry of an order granting or denying the motion. Rule 4(a)(3), [Ala. R.App. P.] If a Rule 59(e) motion is not ruled on within 90 days, it is deemed denied by operation of law on the 90th day and appeal must be taken within the next 42 days. Rule 59.1, [Ala.] R. Civ. P.; Rule 4(a)(1), [Ala. R.App. P.]”
The trial court issued its final judgment on July 31, 2001. The trial court received two postjudgment motions within 30 days of its July 31, 2001, judgment. The 90-day period for ruling on the last motion expired on November 19, 2001, and Bombardier’s postjudgment motion was deemed denied by operation of law on that date.[3] See Rule 59.1, Ala. R. Civ. P. The 42-day period for filing a notice of appeal began to run on November 19, 2001, the date that the last viable postjudgment motion was denied by operation of law. Landers v. Landers, 812 So.2d 1212 (Ala.Civ.App.2001). The time for taking an appeal expired on January 2, 2002.[4] Bombardier did not file their notice of appeal until January 9, 2002. Thus, we must dismiss the appeal as untimely.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.

. Shontrice Williams's inclusion in the complaint was based on his possession of the mobile home. He was not, however, a signatory to the retail installment contract that is the basis of this appeal.

. The trial court, according to our calculation, would have arrived at this amount by subtracting the $39,442.23 arbitration award against Landmark from the $39,836.12 claimed by Bombardier in their suit against the Williams.

. As noted above, the trial court purported to deny Bombardier’s postjudgment motion on December 13, 2001. However, because the 90-day period had already passed, the trial court lacked jurisdiction to rule on the motion.

. Forty-two days from November 19, 2001, is December 31, 2001. That year both December 31, 2001, and January 1, 2002, were holidays, therefore the last day to file the appeal would be January 2, 2002. Rule 6(a), Ala. R. Civ. P.