Louis D. COSCO, Appellant (Plaintiff),

v.

Judith UPHOFF, Director, Wyoming Department of Corrections; Bruce Daniels, Warden, Wyoming State Penitentiary (WSP); Vance Everett, Warden, WSP; Gary Starbuck, Warden, WSP; Bill Hettgar, Warden, WSP; Jerry Steele, Warden, WSP; all named in their official and individual capacities, Appellees (Defendants).

No. 02–107.

Supreme Court of Wyoming.

March 4, 2003.

Representing Appellant: Pro Se.

Representing Appellees: Hoke MacMillan, Attorney General; John W. Renneisen, Deputy Attorney General; and Jay Jerde, Senior Assistant Attorney General.

Before HILL, C.J., and LEHMAN and VOIGT, JJ.; and HARTMAN and PATRICK, District Judges.

HILL, Chief Justice.

[¶ 1]  Appellant Louis D. Cosco (Cosco) appeals the dismissal for failure to state a claim upon which relief could be granted pursuant to W.R.C.P. 12(b)(6) of his declaratory judgment action against various officials of the Wyoming State Penitentiary (WSP) alleging that they wrongfully confiscated his personal property. We will not address the propriety of the district court's ruling because Cosco failed to timely file his notice of appeal.

[¶ 2]  Cosco is a long-term resident of WSP. Since his incarceration, which began in 1969, he had acquired a considerable amount of personal property. In 1997, WSP amended the Inmate Rules Handbook, including the rules specifying the personal property an inmate may possess. Pursuant to the revised rules, WSP removed a significant portion of Cosco's personal property. Initially, Cosco brought suit in federal court, but that action was dismissed. *See Cosco v. Uphoff,* 195 F.3d 1221 (10th Cir.1999). In September of 2001, Cosco signed a release under which WSP agreed to pay for certain specified items in exchange for his agreement to release "all claims ... in any way arising out of the alleged loss of the following described property and any other matters relating to the Wyoming State Penitentiary's disposition of any and all of his property prior to the date of his signature below."

[¶ 3]  On September 25, 2001, Cosco filed this action seeking declaratory relief pursuant to the Uniform Declaratory Judgment Act (UDJA). Wyo. Stat. Ann. §§ 1–37–101 to –115 (LexisNexis 2001). The defendants, various employees of WSP, countered with a motion to dismiss pursuant to W.R.C.P. 12(b)(6) for a failure to state a claim upon which relief could be granted. After a hearing, the district court issued a decision letter on March 22, 2002 granting the defendants' motion. The district court based its decision upon four grounds: (1) Cosco waived all of his claims when he signed the release; (2) the UDJA does not provide for the recovery

of monetary damages; (3) the defendants were immune from suit under the Wyoming Governmental Claims Act (WGCA); and (4) Cosco did not comply with the requirements of the WGCA by failing to file a notice of claim. The final paragraph in the district court's decision letter stated: "This DECISION LETTER will serve as the Court's final determination and order of this matter." Cosco filed his notice of appeal on April 25, 2002, 34 days after the issuance of the decision letter.

[¶ 4] Rule 2.01 of the Rules of Appellate Procedure provides that "[a]n appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order...." The timely filing of a notice of appeal is jurisdictional, in the absence of which, we must dismiss. *Wiens v. American Motors Corporation*, 717 P.2d 322, 323 (Wyo.1986); *Jackson v. State*, 547 P.2d 1203, 1205 (Wyo.1976). Without a timely notice of appeal, the jurisdiction of this Court is not invoked. *Wiens*, 717 P.2d at 322.

[¶ 5] Ideally, the district court should have issued a final order separate from its decision letter.[1] The order could have been attached to the decision letter or issued concurrently therewith. Nonetheless, the decision letter clearly stated that it was to constitute the district court's final, appealable order in this proceeding. Cosco's notice of appeal was filed 34 days thereafter and was clearly untimely under our rules. Cosco did not attempt to make a showing of excusable neglect in support of a request for an extension of time to file his notice of appeal pursuant to Rule of Appellate Procedure 2.01(a)(1). Accordingly, this Court's jurisdiction was never invoked, and Cosco's appeal must be dismissed.

[¶ 6] Dismissed.

---

1. Cosco does not raise the question of whether it is appropriate for a decision letter to constitute a final order. We note, however, for the benefit of the district courts that any decision letter intended to operate as a final order must comply with the requirements of W.R.C.P. 58.