2004 WY 93

**PAXTON RESOURCES, L.L.C.,**
Appellant (Defendant),

v.

**Dan M. "Buck" BRANNAMAN and Mary C. Brannaman, Appellees (Plaintiffs).**

**Dan M. "Buck" Brannaman and Mary C. Brannaman, Appellants (Plaintiffs),**

v.

**Paxton Resources, L.L.C.,**
Appellee (Defendant).

Nos. 03–143, 03–144.

Supreme Court of Wyoming.

Aug. 12, 2004.

Rehearing Denied Sept. 8, 2004.

---

Representing Paxton Resources, L.L.C.:
Kevin D. Huber, Richard Day and P. Craig
Silva of Williams, Porter, Day & Neville,
P.C., Casper, Wyoming.

Representing Dan M. "Buck" Brannaman
and Mary C. Brannaman: Jay A. Gilbertz
and Michael K. Davis of Yonkee & Toner,
LLP, Sheridan, Wyoming.

Before HILL, C.J., and GOLDEN,
LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶1] Dan M. "Buck" Brannaman and
Mary C. Brannaman (the Brannamans) sued
a coalbed methane gas developer, Paxton
Resources, L.L.C. (Paxton), for damages to
their real property and for lost income. The
complaint stated causes of action for breach
of contract, breach of the duty of good faith
and fair dealing, trespass and negligence,
and sought a declaratory judgment and puni-

tive damages. A jury awarded the Branna-mans compensatory damages of $810,887.00 for Paxton's breach of contract and breach of the duty of good faith and fair dealing. Paxton appealed the judgment and the district court's denial of its W.R.C.P. 50 and 59 motions for judgment as a matter of law, for new trial, and for remittitur. The Brannamans appealed the district court's dismissal of their trespass and punitive damages claims.

[¶ 2] We dismiss the appeal and cross appeal because they were not timely filed.

## ISSUES

1. Should this appeal be dismissed because it was not timely filed?

2. Did the district court err in refusing to give to the jury Paxton's proposed damages instruction?

3. Did the district court abuse its discretion by refusing to allow Paxton's expert witness to testify at trial?

4. Was there sufficient evidence to support the jury's finding that Paxton breached the contract?

5. Did the district court abuse its discretion by denying Paxton's motion for remittitur?

6. Did the district court abuse its discretion by denying Paxton's motion for a new trial?

## FACTS

[¶ 3] The relevant facts are those having to do with the chronology of procedural events after the jury trial:

| February 7, 2003 | Jury verdict |
| February 25, 2003 | Post-trial motions filed |
| February 26, 2003 | Judgment entered |
| March 31, 2003 | Order setting hearing entered |
| June 9, 2003 | Hearing on post-trial motions |
| June 27, 2003 | Order denying post-trial motions entered |
| July 3, 2003 | Paxton's notice of appeal filed |
| July 11, 2003 | Brannamans' conditional notice of appeal filed |

## DISCUSSION

[¶ 4] The interplay of several court rules dictates the outcome of this case. To begin with, W.R.A.P. 2.01(a) provides that "[a]n appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order...." Subsection (a)(2) of the same section goes on to provide that "[i]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 15 days of the date on which the first notice of appeal was filed." Of particular significance to the present case is the exception to these time limitations found in W.R.A.P. 2.02:

(a) The running of the time for appeal in a civil case is tolled as to all parties by the timely filing of a motion for judgment under Rule 50(b), Wyo. R. Civ. P.; a motion to amend or make additional findings of fact under Rule 52(b), Wyo. R. Civ. P., whether or not alteration of the judgment would be required if the motion is granted; a motion to alter or amend the judgment under Rule 59, Wyo. R. Civ. P., or a motion for a new trial under Rule 59, Wyo. R. Civ. P.

(b) The full time for appeal commences to run and is to be computed from the entry of any order granting or denying a motion for judgment; a motion to amend or make additional findings of fact; or a motion to alter or amend the judgment, or denying a motion for a new trial. *If no order is entered, the full time for appeal commences to run when any such motion is deemed denied.*

(Emphasis added.)

[¶ 5] W.R.C.P. 6(c)(2) governs the district court's hearing of such motions:

A request for hearing may be served by the moving party or any party affected by the motion within 30 days after service of the motion. Absent a timely request for hearing the court may, in its discretion, determine the motion without a hearing. *A motion not determined within 90 days after filing shall be deemed denied.* A

party whose motion has been deemed denied shall have 10 days after the effective date of such denial to serve such pleadings or other papers, if any, as may be required or permitted.

(Emphasis added.) And finally, the Wyoming Rules of Appellate Procedure spell out the consequences of an appeal being filed "too early" or "too late." Under W.R.A.P. 2.04, "[a] notice of appeal filed prematurely shall be treated as though filed on the same day as entry of the appealable order...." On the other hand, W.R.A.P. 1.03 specifies that "[t]he timely filing of a notice of appeal ... is jurisdictional."

[¶ 6] The following sequence of events sets the stage for our inquiry: the motions were filed, judgment was entered, the order setting the motions for hearing was entered, the ninety-day "deemed denied" date passed, the hearing was held, the thirty-day appeal deadline after the "deemed denied" date passed, the order denying the motions was entered, the notice of appeal was filed. There is no dispute that the appeal was filed more than thirty days after the "deemed denied" date. The sole question is whether the district court's entry of the setting order during the ninety-day period acted to toll the time for appeal or acted as a determination of the motions.

[¶ 7] Wyoming's case law in this area must be read in the context of the rules in effect at the time. In *Brasel & Sims Const. Co. v. Neuman Transit Co.*, 378 P.2d 501, 502–03 (Wyo.1963), this Court denied a motion to dismiss the appeal where the appellee argued that the notice of appeal had not been filed within the time required by former W.R.C.P. 59(f) (1966), which provided as follows:

Motions for new trial and motions to alter or amend a judgment shall be determined within sixty days after the entry of the judgment, and if not so determined shall be deemed denied, unless within such sixty days the determination is continued by order of the court or by stipulation.

[¶ 8] Clearly, the rule as then incarnated provided methods for the parties and the district court to delay determination of such motions beyond the "deemed denied" date.

In *Brasel & Sims Const. Co.*, we concluded that the district court and the parties had proceeded as if the court's order, issued at a party's request, extending the time for determination of the motion apparently was to be effective "until the matter was resolved by the trial court." *Id.* at 503. We further opined, however, that "a lack of clarity of Rule 59(f), Wyoming Rules of Civil Procedure, might well be contended because there is no provision as to what occurs after the continuance therein provided." *Id.*

[¶ 9] In *McMullen v. McMullen*, 559 P.2d 37, 38 (Wyo.1977), under the same version of the court rule, this Court dismissed an appeal as untimely because it had not been filed within thirty days after a motion for mistrial was deemed denied, and no extension of time for the motion's determination had been ordered by the district court or stipulated to by the parties. A similar result obtained in *Johnson v. Hauffe*, 567 P.2d 735, 736 (Wyo. 1977), where we further held that "entry of a written order denying Rule 59 motions after they have been deemed denied does not extend the time for appeal[.]"

[¶ 10] In 1978, W.R.C.P. 59(f) was amended to read as follows:

Motions for new trial and motions to alter or amend a judgment shall be determined within 60 days after the entry of the judgment, and if not so determined shall be deemed denied, unless within such 60 days the determination is continued by order of the court, but a continuance shall not extend the time to a day more than 90 days from the date of entry of judgment.

This new version of the rule was applied in *Blake v. Rupe*, 651 P.2d 1096 (Wyo.1982), *cert. denied*, 459 U.S. 1208, 103 S.Ct. 1199, 75 L.Ed.2d 442 (1983). In *Blake*, the district court clerk, during the sixty-day period, issued a notice setting the post-trial motions for hearing on a date outside the sixty-day period, but within the ninety-day period. *Id.* at 1111–12. The hearing was held, no party objected to the lack of a formal order of continuance, and the district court, also within the ninety-day period, issued an order denying the motions. *Id.* In a 3–2 split, the majority of this Court held that the parties

and the district court treated the notice of setting as if it were an order of extension under W.R.C.P. 59(f), and thus, the appeal was timely. *Blake,* 651 P.2d at 1113. In separate dissents, Justice Thomas and Chief Justice Rose decried the use of a "legal fiction" to salvage an untimely appeal. *Id.* at 1121–22, 1122–29. We relied upon and expanded the holding of *Blake* in *Martinez v. City of Cheyenne,* 791 P.2d 949, 955–56 (Wyo. 1990), *rev'd on other grounds by Beaulieu v. Florquist,* 2004 WY 31, 86 P.3d 863 (Wyo. 2004), where we held that a telephone call from the district judge's secretary vacating a motion hearing setting, later sanctified by an order *nunc pro tunc,* was sufficient to act as an order of the court under W.R.C.P. 59(f), where the district court and the parties treated it as such.

[¶ 11] Long ago, we identified the purpose behind the "deemed denied" concept:

> Statutes of this kind in substance have been enacted in a number of States of the Union, and, without undertaking to be exhaustive, we may mention the commonwealths of Montana, California, Oregon, Wisconsin, Arizona, Alabama and Colorado. The enactment of such laws is evidently with the idea of expediting court business and preventing trial judges from keeping motions for new trial under advisement for an unreasonable length of time. Statutes of this character have generally been held to be mandatory.

*Board of Com'rs of Natrona County v. Casper Nat. Bank,* 55 Wyo. 144, 96 P.2d 564, 566 (1939).[1] Undoubtedly, it is the desire to achieve this purpose that has caused periodic amendment of the rule. Initially, the period for determination of a motion for new trial could be continued by court order or stipulation of the parties, and there was no apparent limit to that continuance. The 1978 amendment added motions to alter or amend a judgment, thereby extending application of the "deemed denied" concept, deleted the provision for continuance by stipulation, and limited any continuance to ninety days after

entry of the judgment. The present version of the rule, now found at W.R.C.P. 6(c)(2), in combination with W.R.A.P. 2.02, both of which are set forth in full hereinabove, covers motions for judgment, motions to amend or make additional findings of fact, motions to alter or amend a judgment, and motions for new trial, once again broadening the application of the "deemed denied" principle. Further, the present rule sets the "deemed denied" date at ninety days after filing of the motion and contains *no* provision for continuance, which indicates a firm commitment to the rule's purpose of preventing delay in the determination of post-trial motions.

■ [¶ 12] This is the context in which we must evaluate the legal effect of the post-trial events in the present case. Paxton contends that its motions were never deemed denied because, as in *Brasel & Sims Const. Co., Blake,* and *Martinez,* the parties and the district court treated the order setting the hearing as a continuance. Second, Paxton contends that, by not objecting to the setting date, the Brannamans waived their "deemed denied" argument. And third, Paxton contends that the order of setting satisfies W.R.A.P. 2.02's provision that the time for appeal commences to run when a motion is deemed denied only if "no order is entered . . . ."

[¶ 13] We find these contentions unpersuasive. To begin with, the present version of the "deemed denied" rule does not allow for continuances, making *Brasel & Sims Const. Co., Blake,* and *Martinez* irrelevant in that respect. Furthermore, while the right to object to a continuance under the former rules could be waived without affecting subject matter jurisdiction, the same is not true under the present rule, where there is no continuance provision. In other words, under the former versions of the rule, the time for filing an appeal could be tolled by stipulation of the parties or by court order. If such a continuance occurred because the movant's opponent did not object, the appeal remained

---

1. Wyoming's "deemed denied" rule was originally enacted as a statute:

Motions for new trial shall be determined within sixty days after the rendition of judg-

ment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation.

Wyo. Sess. Laws ch. 112 at 158 (1935).

timely, and subject matter jurisdiction was not offended. That process no longer exists.

[¶ 14] Paxton's final argument—that the order of setting was an order that was entered within the meaning of the last sentence of W.R.A.P. 2.02(b)—simply defies the sense and purpose of the rule. The previous sentence of W.R.A.P. 2.02(b) specifies orders granting or denying the subject motions. Clearly, it is these orders to which the second sentence refers. Otherwise—if any order would suffice—the rule's purpose would be thwarted; the motion might never be heard or decided, yet neither the "deemed denied" period nor the time for appeal would ever begin. Such an interpretation would also fly directly in the face of the specific wording of the "deemed denied" provision; that is, a motion is deemed denied if is not *determined* within the specified time. Something is "determined" within the meaning of the law when a final decision has been made by the court. *Black's Law Dictionary* 480 (8th ed.2004). The word "determine" means "to decide, to adjudicate, to come to a decision, to decide upon an investigation, to perform a judicial act." *Swift v. Smith,* 119 Colo. 126, 201 P.2d 609, 614 (1948).[2]

[¶ 15] As we stated earlier herein, the timely filing of a notice of appeal is jurisdictional. W.R.A.P. 1.03. We have steadfastedly held to that principle, and to the concomitant principle that dismissal must befall an untimely appeal. *TPJ v. State,* 2003 WY 49, ¶ 13, 66 P.3d 710, 713 (Wyo.2003); *Cosco v. Uphoff,* 2003 WY 30, ¶ 4, 66 P.3d 702, 703 (Wyo.), *cert. denied,* — U.S. ——, 124 S.Ct. 121, 157 L.Ed.2d 84 (2003); *Harding v. Glatter,* 2002 WY 124, ¶ 10, 53 P.3d 538, 540 (Wyo.2002); *Tusshani v. Allsop,* 1 P.3d 1263, 1265 (Wyo.2000); *Miller v. Murdock,* 788 P.2d 614, 616 (Wyo.1990); *Wiens v. American Motors Corp.,* 717 P.2d 322, 323 (Wyo. 1986); *State v. Berger,* 600 P.2d 708, 709

(Wyo.1979); *Johnson,* 567 P.2d at 736; *McMullen,* 559 P.2d at 38; *Jackson v. State,* 547 P.2d 1203, 1205 (Wyo.1976).

[¶ 16] Court rules have the force and effect of law and are construed in the same manner as statutes. *Vanasse v. Ramsay,* 847 P.2d 993, 999 (Wyo.1993) (*quoting Lapp v. City of Worland,* 612 P.2d 868, 874–75 (Wyo.1980)). Compliance with court rules is mandatory. *Matter of Estate of Obra,* 749 P.2d 272, 275 (Wyo.1988); *Greenwood v. Wierdsma,* 741 P.2d 1079, 1084 (Wyo.1987) (*quoting Hickey v. Burnett,* 707 P.2d 741, 745 (Wyo.1985)). In particular,

> "[T]he error of the trial judge in entertaining the motions could not be validated by the acquiescence of the [other party]. It is elementary that the parties cannot confer jurisdiction on the court.
>
> We have said that untimely motions * * * for new trial are of no legal significance whatsoever because the limiting language of Rule 6(b) is 'mandatory and jurisdictional and [can]not be extended regardless of excuse.' ... In my view we should abide by these rules or amend them, rather than emasculate them.
>
> Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of courts to enforce them according to their terms."

*Miller,* 788 P.2d at 616–17 (*quoting Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 389, 84 S.Ct. 397, 400, 11 L.Ed.2d 404, 407 (1964) (Clark, J. dissenting)).

[¶ 17] In other states with similar rules, courts are not hesitant to dismiss appeals rendered untimely by a "deemed denied" provision. *See, for example, Bombardier Capital, Inc. v. Williams,* 850 So.2d 363, 364 (Ala.Civ.App.2002); *Freiberg v. City of Mission Viejo,* 33 Cal.App.4th 1484, 39 Cal.

**2.** In Oregon, where a court rule requires similar post-trial motions to be " 'heard and determined by the court within 55 days from the time of the entry of the judgment,' " a motion is not determined until actual entry in the trial court register of a written order disposing of the motion. *Ryerse v. Haddock,* 185 Or.App. 679, 60 P.3d 1107, 1109–10 (2003) (*quoting* ORCP 64 F); *Matter of Marriage of Conley,* 97 Or.App. 134, 776

P.2d 860, 861 (1989). The court in *Matter of Marriage of Conley* explained that, if a motion was determined by a mere verbal decision from the bench, the "deemed denied" provision would never come into effect, even if there was a failure to enter the final decisional order, thereby defeating the purpose of the rule. *Matter of Marriage of Conley,* 776 P.2d at 861.

Rptr.2d 802, 805 (1995); *Barker Phillips, Inc. v. Caviness,* 603 S.W.2d 715, 715 (Mo. App.1980); *Beneficial Finance Corp. v. Morris,* 120 N.M. 228, 900 P.2d 977, 978 (1995); and *Minor v. Leisure Lodge, Inc.,* 154 Or. App. 301, 961 P.2d 915, 916–17 (1998). While such may seem harsh, it must be remembered that litigants may protect themselves against dismissal for late filing by filing "prematurely," a practice authorized by W.R.A.P. 2.04. Furthermore, " '[t]he first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing court whenever it is raised by any party, or it may be raised by the court of its own motion.' " *Wyoming Community College Com'n v. Casper Community College Dist.,* 2001 WY 86, ¶ 12, 31 P.3d 1242, 1247–48 (Wyo.2001) (*quoting Hirschfield v. Board of County Com'rs of County of Teton,* 944 P.2d 1139, 1141 (Wyo.1997)). The timeliness of an appeal being jurisdictional, we cannot simply enforce or ignore the rule as we choose.

## CONCLUSION

 [¶ 18] The whole point of a "deemed denied" provision is that the judgment ***automatically*** becomes final and appealable upon passage of the specified period. *Sun Land & Cattle Co. v. Brown,* 387 P.2d 1004, 1006 (Wyo.1964). Therefore, an appeal that is not filed within thirty days after the post-trial motions are deemed denied is untimely. In the present case, the motions were deemed denied before the district court heard and purported to determine them. The judgment had become final and appealable at the time the motions were deemed denied and the district court no longer had jurisdiction to determine the motions. Indeed, the district court's order denying the motions was entered one day after the thirty days allowed for appeal under W.R.A.P. 2.01.[3]

[¶ 19] This appeal is untimely and is, therefore, dismissed, as is the Brannamans' conditional appeal.

---

3. The post-trial motions were filed on February 25, 2003, and were deemed denied on May 27, 2003. The thirty-day appeal period ended on

HILL, Chief Justice, specially concurring.

[¶ 20] The application of W.R.C.P. 6(c)(2) in these circumstances is, without a doubt, harsh and predecessors of that rule have had similarly harsh impacts on litigants in the past. There are precedents from which we might have tailored a less unforgiving imperative than that set out in the majority opinion. *See, e.g., Blake v. Rupe,* 651 P.2d 1096, 1115 (Wyo.1982). However, it does appear that that was the clear intent of the authors of the most recent version of the "deemed denied" rule, and practitioners could discern that. As written, the rule makes no mention of a continuance, whether in written form or as it might be gleaned from tacit material.

[¶ 21] I concur with the result reached by the majority opinion because adoption of a "tacit" exception to the deemed denied rule would result in the same old uncertainty that used to exist. I take some solace from the harshness of this result in my conviction that, having carefully reviewed the merits of all issues raised by Paxton, this Justice would have held for Brannaman in this appeal in any event.

June 26, 2003, and the denial order was entered on June 27, 2003.