2005 WY 75

**SPEIGHT, McCUE & ASSOCIATES, P.C., Appellants (Respondents),**

v.

**French Carter WALLOP and Scott M. Goodwyn, Appellees (Petitioners).**

**French Carter Wallop and Scott M. Goodwyn, Appellants (Petitioners),**

v.

**Speight, McCue & Associates, P.C., Appellee (Respondent).**

Nos. 04–262, 05–35.

Supreme Court of Wyoming.

July 11, 2005.

Representing Speight, McCue & Associates, P.C.: William M. McKellar of Boley & McKellar, P.C., Cheyenne, Wyoming.

Representing French Carter Wallop and Scott M. Goodwyn: Daniel B. Frank of Frank Law Office, P.C., Cheyenne, Wyoming.

Before VOIGT, J., and DONNELL, BROOKS, PARK and JAMES, D.JJ.

VOIGT, Justice.

[¶ 1]   An adjudicative panel of the Wyoming State Bar Committee on Resolution of Fee Disputes (Committee) issued an order substantially in favor of a law firm. A petition for review in the district court brought substantially the opposite result. In Case No. 04–262, the law firm appeals that portion of the district court judgment adverse to it, and in Case No. 05–35, the clients appeal that portion of the district court judgment adverse to them.[1]   We reverse and remand the entire matter to the district court for further remand to the Committee for an evidentiary hearing.

**ISSUE**

[¶ 2]   The dispositive issue is one not raised by the parties: Should the district

---

1.   The "clients" are actually the client and her son, who guaranteed payment of the client's at- torneys' fees.

court have taken additional evidence or should it have ordered the adjudicative panel to take additional evidence?

## FACTS

[¶ 3] French Carter Wallop (Wallop) hired Speight, McCue & Associates, P.C.'s predecessor firm (Speight) to represent her in a divorce action. Wallop's son, Scott M. Goodwyn (Goodwyn), executed a guaranty agreement covering Wallop's legal fees. The present controversy primarily involves the question of whether payments Goodwyn made during the course of the legal representation should be credited against his obligation under the guaranty agreement.[2]

[¶ 4] After the divorce action was complete, Wallop had not paid all of the attorneys' fees and costs that had been billed to her, and Speight made demand upon Goodwyn under the guaranty agreement. Wallop and Goodwyn filed a petition for resolution of fee dispute with the Wyoming State Bar. Following a hearing, the assigned panel from the Committee issued a resolution order in which it concluded that Goodwyn was liable to Speight under the guaranty agreement for $100,000.00, in addition to the $103,226.00 that Goodwyn had already paid. Pursuant to Rule 14 of the Rules for Resolution of Fee Disputes (RRFD), Wallop and Goodwyn filed a petition for review in the district court. After taking additional evidence, the district court reversed the Committee's order, for the most part. Both parties appealed.

## DISCUSSION

[¶ 5] Reversal is required in this case because the district court, while acting in an appellate capacity, erroneously took evidence. RRFD 14 provides, in pertinent part, as follows:

> (d) At the date set for hearing, the district court shall *review the record,* which,

if electronically recorded, shall be transcribed by the party seeking review. If, before the date set for hearing, application is made to the court for leave to present additional evidence and shows to the satisfaction of the court that additional evidence is material and there was good reason for failure to present it in the proceeding before the panel, *the court may order that additional evidence be taken.* The court may receive written briefs and hear oral arguments in its presentation and fix a briefing schedule.

> (e) The court may enter judgment to affirm or reverse *or may remand the case to the committee for further proceedings.* The decision of the court shall constitute a final judgment for review by the Wyoming Supreme Court pursuant to Rule 12 of the Wyoming Rules of Appellate Procedure.

(Emphasis added.)

[¶ 6] Several things are clear in this rule. First, the district court is to make its determination by reviewing the record. Second, the rule authorizes the district court to *order* that additional evidence be taken; it does not authorize the district court to *take* additional evidence. Third, the district court has three choices: it may affirm, it may reverse, or it may remand for further proceedings, presumably additional evidentiary proceedings. RRFD 14 is unambiguous, and it does not authorize the district court to take evidence during the judicial review process.[3]

## CONCLUSION

[¶ 7] Instead of taking additional evidence, the district court should have remanded this matter to the Committee and ordered the panel to take additional evidence. Reversed and remanded for that purpose.

---

2. Other issues include application of a retainer fee, the reasonableness of the attorneys' fees and costs, and whether interest on attorneys' fees could be charged.

3. "Court rules have the force and effect of law and are construed in the same manner as statutes." *Paxton Resources, L.L.C. v. Brannaman,*

2004 WY 93, ¶ 16, 95 P.3d 796, 801 (Wyo.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 976, 160 L.Ed.2d 901 (2005). We give effect to the plain and ordinary meaning of words used in an unambiguous statute. *Lance Oil & Gas Co. v. Wyoming Dept. of Revenue,* 2004 WY 156, ¶ 12, 101 P.3d 899, 903 (Wyo.2004).