In the Matter of the ADOPTION OF CCT and CDT, Minors.

ALT, Appellant (Respondent),

v.

DWD and KJD, Appellees (Petitioners).

No. C–6.

Supreme Court of Wyoming.

Feb. 2, 1982.

Robert C. Morton, of Kennedy, Connor & Healy, Sheridan, for appellant.

Fred R. Dollison, of Badley, Rasmussen & Shoumaker, Sheridan, for appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

This is an appeal from decrees of adoption which terminated appellant's parental rights in two children, ages 7 and 10. Appellant contends that the evidence did not support the trial court's findings (1) that appellant willfully failed to contribute to the support of the children for a period of one year immediately prior to the filing of the petitions for adoption, and (2) that appellant willfully abandoned and deserted the children.[1] He further contends that the trial court's finding that it is to the best interest of the children that the adoption be ordered is contrary to the evidence.

We affirm. Inasmuch as the evidence was sufficient to support the finding that appellant willfully failed to contribute to the support of the children for a period of one year immediately prior to the filing of the petitions for adoption, we need not address the other two contentions of appellant.

Appellant and appellee KJD (hereinafter referred to as mother) were married on May 4, 1968. The two children were born of the marriage. Appellant and mother were divorced on June 29, 1978. She was given custody of the children and awarded child support in the amount of $75.00 per child per month. On August 5, 1978, mother married appellee DWD. On April 22, 1981, mother and DWD filed a petition for adoption of each of the two children by DWD. The two cases were consolidated for the purpose of this appeal.

## STANDARD

" * * * [A]doption statutes are strictly construed when the proceeding is against a non-consenting parent and every reasonable intendment is made in favor of that parent's claims. * * * " *Matter of Adoption of Voss*, Wyo., 550 P.2d 481, 485

1. Section 1–22–110(a), W.S.1977, provides in pertinent part:
   " (a) * * * the adoption of a child may be ordered without the written consent of the parents * * * if the court finds that the non-consenting parent * * * has:
       \*     \*     \*     \*     \*     \*

   "(iii) Willfully abandoned or deserted the child; or
   "(iv) Willfully failed to contribute to the support of the child for a period of one (1) year immediately prior to the filing of the petition to adopt; or"

(1976). See *DS v. Department of Public Assistance and Social Services*, Wyo., 607 P.2d 911, 918 (1980).

■ Such strict construction is mandated by the fact that parental rights are fundamental rights. A strict construction of § 1–22–110(a)(iv) (see fn. 1) requires interpretation of the words "contribute to the support" and careful examination of the facts of the case to determine if such contribution was made, and, if not, whether the failure to do so was "willful."

## FACTS

■ The pertinent facts in this case are in little dispute. Pursuant to the divorce decree, appellant made one child support payment of $150.00 on July 26, 1978. No other payments were made. Appellant contends that he did contribute to the support of the children by virtue of the following gifts to them: Three bicycles (two to one child and one to the other), a necklace, two dolls, a handmade quilt, flowers on a Valentine's day and less than $40.00 in cash.[2] Not all of the gifts were made during the year immediately prior to the filing of the petitions for adoption; but, even if all were made within the designated year, they were not sufficient to constitute the "contribution to support" required by § 1–22–110(a)(iv) to avoid adoption by another. The trial court properly found the evidence to be clear and convincing to the contrary.

" * * * trifling gifts he may have made did not come within the term 'in any way contributing to her support.'" *Bulman v. Lyman-Richey Sand & Gravel Corporation*, 144 Neb. 342, 13 N.W.2d 403, 408 (1944).

" * * * A child contributes to the support of his parents, within the purview of the Workmen's Compensation Act, when he contributes *a substantial* sum to the support of the family, although this sum is less than the actual cost of his support and maintenance * * *." (Emphasis added.) *Air Castle v. Industrial Commission*, 394 Ill. 62, 67 N.E.2d 177, 180 (1946). "The Social Security Board has construed the phrase 'was contributing to the support of such child' in the above section of the statute as meaning only contributions that are *regular and substantial*. Such a construction seems both reasonable and liberal towards the child. It disregards occasional gifts and minor contributions at irregular intervals, but if the contributions are *regular*, whether voluntary or involuntary and *constitute a material factor in the child's support*, even though not the principal factor, it seems necessary to hold that the parent was contributing to the support of the child. * * * " (Emphasis added.) *Carey v. Social Security Board*, 62 F.Supp. 458, 459–460 (D.C.Ky. 1945).

■ The foregoing quotations are from cases which concern payments under worker's compensation laws or under Social Security requirements wherein a specific amount has not been set for a contribution to support. In the divorce decree, the court did here specify the proper and necessary amount to be contributed to the support of the two children. It is clear that such specified amount was not contributed by appellant.[3] In this case, we need not determine if failure to contribute the amount specified in the divorce decree for support is sufficient to activate § 1–22–110(a)(iv) (see fn. 1) inasmuch as the only contributions made

---

**2.** The evidence of gifts was submitted not only for the purpose of showing contributions to support of the children but also for the purpose of negating willful abandonment or desertion (see § 1–22–110(a)(iii) in fn. 1). Although allowed visitation privileges, including custody for periods during the summer months, appellant has made only four telephone calls to the children since the divorce and has seen them only during a week when mother took them to Montana. The evidence of gifts was partly for the purpose of showing appellant's attention to the children and his intention not to abandon or desert them. As noted, we do not here reach the issue of abandonment or desertion.

**3.** The divorce decree also required payment by appellant for one-half of the cost of medical and dental care for the children. He has paid none of it. Appellee DWD has included the children for such coverage on his health care insurance policy.

by appellant fall far below a "substantial" sum and cannot be classified as "regular" payments or as "constituting a material factor" in the support of the children. At least, such contributions, which are necessary by the nonconsenting parent to prevent adoption without his consent pursuant to § 1–22–110(a)(iv), must be "substantial" or "regular" or "constitute a material factor" in the child's support.

But appellant says that any failure on his part to contribute sufficiently to the support of the children was not willful. He points to a burglary arrest in Montana in May of 1979. It was there found (1) that he was not competent to stand trial, and (2) that it could not be determined whether or not he was able to conform his conduct to the requirements of law at the time of the commission of the alleged offense. Therefore, on August 16, 1979, he was committed to the Warm Springs State Hospital for mental treatment. But he was released in four months. He also stated that he hurt his back in November 1980, and that he was making a worker's compensation claim in connection therewith.

Although he could not recall all of his employments or amounts of his earnings since the divorce decree, he acknowledged earnings of $8,000.00 in 1980 from three employments, and receipt of $819.00 in 1981 from worker's compensation. He testified that he was able to pay child support from these earnings but did not do so. He saved $800.00 in 1980. In 1981, he purchased an old automobile for $500.00. He lives with his mother and has paid her $500.00. He is a carpenter. He has not requested the Montana court to modify the divorce decree with reference to child support payments because of his inability to comply with it or because of the advent of unfortunate circumstances.

"* * * '[W]illful' is a word 'of many meanings, its construction often being influenced by its context.' * * *" *Screws v. United States*, 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945).

As used in the context of § 1–22–110(a)(iv) (see fn. 1) willfully means intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly. *Van Antwerp v. State*, Ala.Cr.App., 358 So.2d 782 (1978); *Intercounty Construction Company v. Occupational Safety and Health Review Commission*, 522 F.2d 777 (4th Cir. 1975), 31 A.L.R.Fed. 544, cert. denied 423 U.S. 1072, 96 S.Ct. 854, 47 L.Ed.2d 82 (1976); 94 C.J.S. Willful, p. 622.

Appellant's failure to contribute to the support of the children was not accidental, inadvertent or financially impossible— at least not during the year immediately prior to the filing of the petitions for adoption. The failure was deliberate and voluntary. It was done consciously and intentionally and without justifiable excuse. It was not due to oversight or lack of means to make contributions. The trial court so found. The evidence was overwhelmingly in support of a finding that appellant failed to contribute to the support of the children for a period of one year prior to the filing of the petitions to adopt. The finding was within the bounds of reason. The court could reasonably conclude as it did with reference thereto. There was no abuse of discretion.

"* * * A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *." *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

Affirmed.