In the Matter of the ADOPTION OF
CJH and TCH, Minor Children.

SLH, Appellant (Respondent),

v.

CST and CLT, Appellees (Petitioners).

No. C–89–1.

Supreme Court of Wyoming.

Aug. 18, 1989.

Sky D. Phifer, Lander, for appellant.
Richard H. Peek, Casper, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The sole question raised in this case is whether the district court may order an adoption in the absence of a written consent by the child's father on the ground of willful failure to contribute to the support of the child when the father claims the failure to support was justified by a denial of the father's visitation privileges. The district court, following a hearing, found that the father of two minor children had willfully failed to contribute to the support of the children for a period exceeding one year immediately prior to the filing of the petition for adoption in accordance with § 1–22–110, W.S.1977 (June 1988 Repl.).[1]

1. Section 1–22–110, W.S.1977 (June 1988 Repl.), provides, in pertinent part, as follows:

(a) In addition to the exceptions contained in W.S. 1–22–108, the adoption of a child may be

This appeal is taken from the order of the court that granted the right to proceed with the adoption and terminated the parental rights of the natural father in accordance with § 1–22–110(a)(iv). That order became final upon the entry of the Final Decree of Adoption. We hold that the denial of visitation privileges does not justify the willful failure to contribute to the support of the children, and the action of the district court in ordering that the adoption proceeding go forward and in entering the Final Decree of Adoption is affirmed.

In his Brief of Appellant, the father of the two children, a little boy and a little girl, sets forth this issue:

"Where the Appellant failed to provide child support for his two minor children for a period of one year preceding the filing of an adoption petition, is the denial of visitation and custody a sufficient 'justifiable excuse' so as to preclude a finding of willful failure to provide support for one year and thereby requiring the Appellant's consent in the adoption proceeding."

In the Brief of Appellees, the issue is stated differently as:

"Was there sufficient evidence to support the trial court's finding that Appellant willfully failed to contribute to the support of the parties' minor children for a period of one year immediately prior to the filing of the Petition for Adoption, and that Appellant's failure was deliberate and voluntary, was done consciously and intentionally and without justifiable excuse, and not due to oversight or lack of means to make contributions."

The father and the mother of the children were divorced in September, 1984. Primary custody was awarded to the mother, subject to the father's visitation rights, and the father was required to pay child support. Not long after the mother remarried, the children's father requested that they be transported to Arizona to visit him. He refused, however, to give the mother an address or telephone number where he could be contacted and, because of that and his earlier suggestions that he might take the children and simply disappear, the mother did not send the children for the summer visitation. The father then withheld the payment of support.

In the spring of 1987, the mother and the father attempted to resolve their differences by an agreement that the district court approved in an order entered March 11, 1987. Pursuant to that agreement, the father was to pay $200 each month in current child support and $50 each month on his $1,000 support arrearage. With respect to visitation, the agreement established a schedule which gave the father custody of the children on alternate weekends, on alternating Christmas, Easter, and Thanksgiving holidays, and between June 10 and August 10 of each year. Despite the agreement, the mother continued to deny visitation, and the father continued to withhold support payments which was the situation as of the time of the filing of the petition for adoption.

On May 4, 1988, the mother and her husband filed their adoption petition in the district court in which they alleged that the father had failed to provide for the children's support. That failure was asserted as a ground for not requiring the father's consent to the adoption pursuant to § 1–22–110(a)(iv). The mother and her husband asked the court to enter an order terminating the father's parental rights and permitting the mother and her husband to proceed with the adoption of the two children.

By his testimony at trial, the father established that he considered himself able to pay support at all times relevant to the petition and that he had failed to do so only

---

ordered without the written consent of the parents or putative father if the court finds that the nonconsenting parent or putative father is unknown and the affidavit required by W.S. 1–22–109(a)(iv) has been filed with the petition to adopt or if the court finds that the nonconsenting parent or putative father has:

*   *   *   *   *   *

"(iv) Willfully failed to contribute to the support of the child for a period of one (1) year immediately prior to the filing of the petition to adopt; or * * *."

because he had been denied visitation. He testified that, in January of 1987, he earned $500 per month plus housing in his employment and that, in April and May of that same year, he had earned $400 per month plus housing. From September of 1987 through April of 1988, he had earned in excess of $2,500 per month and, during this entire period, he received additional sums from an annuity that amounted to more than $1,500 per month. In the aggregate, in the twelve months immediately preceding the filing of the petition for the adoption, his income had exceeded $38,400. He agreed that he had paid no child support since July of 1986.

Relying upon these facts, the district court, in its order of January 10, 1989, granted the relief requested by the petitioners. The order incorporated by reference the decision letter that the district judge had written, in which the court stated:

> "The above matter having come before the Court for trial, the Court finds by clear and convincing evidence that the natural father of the minor children has willfully failed to contribute to the support of the children for a period exceeding one year immediately prior to the filing of the petition for adoption, that the petitioning step-father is a fit and proper person to adopt the children, that the children have resided with the petitioners since July of 1986, and that it would be in the best interests of the children to grant the relief requested in the petition for adoption."

While that order was an interlocutory one, it became final upon the entry of the Final Decree of Adoption on January 24, 1989, and the Notice of Appeal, filed January 23, 1989, became effective on January 24, in accordance with Rule 2.01, W.R.A.P.

■ The appellees suggest that there is a question of the sufficiency of the evidence to sustain the finding by the district court that the father willfully failed to contribute to the support of the children for a period exceeding one year. The father has posed no challenge to the sufficiency of the evidence to sustain factual findings by the

district court. His own testimony provided sufficient evidence of his ability to pay support and his willful failure to do so. Had the father raised a question regarding the sufficiency of the evidence, *Broyles v. Broyles,* 711 P.2d 1119 (Wyo.1985), would require us to examine that evidence, including his testimony, in the light most favorable to the appellees, resolving all conflicts in the trial testimony and exhibits in their favor. Under that standard, we would not be able to adjust the finding of the court. In reviewing factual determinations in a contested adoption case, our rule is that the court can be reversed only if it committed a clear abuse of its discretion; that is, if it could not reasonably have concluded as it did. *Matter of Adoption of GSD,* 716 P.2d 984 (Wyo.1986); *Matter of Adoption of CCT,* 640 P.2d 73 (Wyo.1982). We also recognize that, under less egregious circumstances, we have affirmed a district court's finding that a parent's failure to make support payments was "willful." *CCT.* (In that case, the parent earned $8,819 in the year immediately preceding the filing of the adoption petition; bought minor gifts for the children that were not sufficiently regular and substantial so as to constitute a material part of their support; and testified that he paid no support despite his ability to do so from his earnings.) Appropriately, the father, in this case, has limited his issue on appeal to one of law: whether the deprivation of visitation privileges affords a justifiable excuse to an otherwise willful failure to pay child support.

■ Under our statutory scheme, if a parent objects to the adoption of his child, the question then is raised as to whether his consent is required because of the existence of one or more of the factors set forth in § 1–22–110. A decision by the trial court that the consent is not required effectively terminates parental rights and renders the father a stranger to the remainder of the proceedings, just as if he had previously or contemporaneously had those rights terminated pursuant to §§ 14–2–309 to –319, W.S.1977 (July 1986 Repl.). *Matter of Adoption of RHA,* 702 P.2d 1259 (Wyo.1985) (proceedings under either Title

1 or Title 14 have a similar effect on parental rights). See also *Matter of Adoption of JLP*, 774 P.2d 624 (Wyo.1989) (petition for adoption permissibly seeks termination of parental rights under grounds set forth in § 14–2–309); § 1–22–110(a)(ii) (consent not required if the parent has been judicially deprived of parental rights for any reason).

■ Our rule is that, since a fundamental right of the objecting parent is at stake, the adoption statutes must be strictly construed at the time the threshold determination is made with respect to the requirement of consent so that the objecting parent receives the benefit of every reasonable legislative intent. *GSD*, 716 P.2d 984; *CCT*, 640 P.2d 73; *Matter of Voss' Adoption*, 550 P.2d 481 (Wyo.1976). The father concedes, in this instance, that his willful failure to contribute to the support of the two children, during the year immediately preceding the filing of the petition for adoption, would establish an adequate basis for granting the adoption despite his objections. In *CCT*, we held, pursuant to § 1–22–110, that the father's consent to adoption was not required, solely on the basis of his willful failure to contribute to support. Under the predecessor of that statute, we held in *Voss* that an adoption without parental consent required proof of both willful failure to contribute to support and an intent to abandon the child. The difference in the two decisions is attributable to an adjustment in the language of the statute. In this instance, the father contends that a strict construction of the statutory provision requires a conclusion that his failure to contribute to the support of the children should not be deemed willful because of the withholding of visitation privileges.

■ Our cases establish that, for purposes of applying § 1–22–110, "willful" acts or omissions are those which occur intentionally, purposely, voluntarily, consciously, or deliberately and without "justifiable excuse." We have distinguished the willful parent from the parent who is only careless, negligent, heedless, or thought-less, and also from the parent whose acts are inadvertent or accidental. *GSD*, 716 P.2d 984; *CCT*, 640 P.2d 73. We have recognized implicitly that financial hardship could excuse a failure to contribute to the support of the child but, until this case, we have not been called upon to determine what other circumstances might constitute a "justifiable excuse." See *CCT*. The word "justifiable" might incorporate a connotation of "provable" or "reasonable," but our use of the word is in the more particular sense of "rightful" or "sanctioned by law." See Black's Law Dictionary, 778 (5th ed.1979); Webster's Third New International Dictionary, 1228 (1966). The determinative question in this appeal, therefore, is whether Wyoming law sanctions the withholding of child support as a remedy for the denial of a parent's visitation rights.

We have answered that question in the negative, although in factual and procedural circumstances which differ from the present case. *Broyles*, 711 P.2d at 1127–29. We noted that both this court and the state legislature, in the past, had declared the *Broyles* rule to be the policy of this state. We pointed out that the duty to contribute to the support of a child is primarily dependent upon the needs of the child and the parent's ability to pay, and that the parent's opportunity to exercise his visitation rights bears no relation to either of those factors. An aggrieved parent may remedy a deprivation of his visitation rights through appropriate judicial channels without adversely affecting the welfare of the child or children, and the deprivation of visitation rights does not justify the parent in reducing or terminating contributions to the support of the child. Those same considerations pertain in this case, and the father has offered no good reason why the same rule should not apply.

We hold that, for purposes of applying § 1–22–110(a)(iv), the withholding of contributions to the support of the children is, under the circumstances, a willful failure

to contribute to the support of the children even though the father was denied his rights of visitation. There was no error in the determination to that effect made by the district court. The Order and the Final Decree of Adoption entered by the trial court are affirmed.