2004 WY 148

**Bart GEERTS, Appellant (Respondent),**

v.

**Kiandra Lisaray JACOBSEN, Appellee (Petitioner).**

**No. 03–132.**

Supreme Court of Wyoming.

Nov. 29, 2004.

Representing Appellant: Mary Elizabeth Galvan of Mary Elizabeth Galvan, PC, Laramie, WY. Argument by Ms. Galvan.

Representing Appellee: Devon O'Connell Coleman of Pence and MacMillan, LLC, Laramie, WY. Argument by Ms. Coleman.

Before HILL, C.J., and GOLDEN, LEHMAN, and KITE, JJ., and STEBNER, D.J.

LEHMAN, Justice.

[¶ 1] In this appeal, we must consider whether the district court, in a post-divorce decree setting, had jurisdiction to enforce an interlocutory oral admonition made before entry of a divorce decree. After the divorce decree was entered, without incorporating the oral admonition, the district court found that appellant Geerts (Father) had violated that earlier oral admonition, found Father in contempt of a court order, and sanctioned Father by suspending visitation with his daughters in Laramie, Wyoming, and allowing only supervised visitation in the Seattle home of appellee Jacobson (Mother). Father appeals on grounds the district court lacked jurisdiction and abused its discretion by enforcing the oral admonition without due process.

[¶ 2] We reverse and remand, in part, and affirm, in part.

### ISSUES

[¶ 3] Father provides this issues statement:

A. Whether the district court lacked subject matter jurisdiction to enforce an interlocutory oral order which merged into and was extinguished by the final decree of divorce.

B. Whether the district court abused its discretion by converting an interlocutory temporary restraining order into a permanent injunction with contempt sanctions which indefinitely affected appellant's substantive visitation rights without notice or a hearing on its merits.

C. Whether the district court abused its discretion by imposing punitive sanctions with the effect of modifying the visitation provisions of the divorce decree, without providing Mr. Geerts an opportunity to purge his contempt or otherwise to demonstrate future compliance.

Mother believes that the following is at issue:

I. Is the Wyoming Supreme Court's review of the district court's interlocutory order before the evidence on the modification motion is heard premature and thus the Wyoming Supreme Court does not have subject matter jurisdiction to review this appeal?

II. Is appellant estopped from collaterally attacking the July 2001 order?

III. Did the district court have continuing subject matter jurisdiction to enforce its July 2001 order?

IV. Did the district court abuse its discretion when it held appellant in civil contempt of court for photographing his nude daughter in clear violation of the court's July 2001 order?

In his reply brief, Father responds:

A. Whether the Wyoming Supreme Court has subject matter jurisdiction to review on appeal the district court's order finding Appellant in contempt of court.

B. Whether appellant is precluded from appealing the district court's order on motion for order to show cause by his failure to appeal the July 18, 2001 order following entry of the decree of divorce.

C. Whether the law of the case doctrine is inapplicable to the district court's July 18, 2001 order.

### FACTS

[¶ 4] Mother filed for divorce in December of 2000 and requested custody of the parties' two daughters, ages four and six years old. The parents entered into a stipulated order for temporary child support and custody on February 13, 2001, agreeing to joint custody with Mother having primary physical custody. Father was to pay child support and have all reasonable visitation as mutually agreed. At the time the parties

lived in Laramie, but Mother later moved to Seattle, Washington.

[¶ 5] On June 15, 2001, Mother filed an ex parte emergency motion for supervised visitation for various reasons, one of which alleged that Father had engaged in inappropriate sexual behavior with the children. A hearing was held on July 18, 2001, and, after Mother presented her several allegations, the motion was dismissed without Father having to present any evidence; however, from the bench, the district court admonished Father:

[THE COURT:] Now, I do want to say one thing for the record. Different people have different ideas as far as nudity and those things are concerned, and there—it seems fairly apparent that nudity, at least, has been a fairly common thing in your family for a long time. We certainly have the photos here to indicate that.[1] Fine. I don't have any problem with that. That's sort of a European [2] sort of style, I suppose. But I'm here to tell you, Mr. Geerts, that whatever your wife has said to you about not bathing with your children in the past, I'm here to tell you today that that stops right now.

Do you understand that?

GEERTS: Yes.

THE COURT: And I'm here to tell you today that part of this order—and it's on the record today—is that you are to have no more contact like that. You are to have no other inappropriate physical contact with your daughters. You are not to engage in any sort of sexual innuendo with them. You are not to take any more nude photographs of them. And if I find out that you have done any of those things, Mr. Geerts, your visitation will end. Period. You will not see them again.

Do I make myself clear?

GEERTS: Yes.

[¶ 6] This oral admonition was never reduced to a signed order, and a divorce decree was issued on November 26, 2001, without incorporating the admonition. Mother relocated to Seattle, Washington with the two daughters and allowed the children to visit Father in Laramie. After one such visit, Father sent Mother a photograph showing one daughter in a bath with a soap beard. The photograph shows the head and shoulders of the child. Mother, however, believed that the photo violated the district court's admonition against Father taking nude photographs of the children and, on May 20, 2003, filed a motion for order to show cause why Father should not be held in contempt of a court order and petitioned to modify child visitation and child support on the basis of this contempt.

[¶ 7] An order to show cause was entered, a hearing held, and Father was held in contempt of court, but the court withheld final decision on custody, visitation, and child support pending the modification hearing. Father now appeals the contempt order.

## DISCUSSION

### Jurisdiction To Review

[¶ 8] Mother contends that under our previous decision in *Madden v. Madden*, 558 P.2d 669, 670 (Wyo.1977), the contempt order is not an appealable order because neither a fine nor imprisonment was imposed. However, as we later explained, *Madden* held that an order originating in a contempt proceeding, which does not even purport to find a party in contempt, is interlocutory only and therefore not appealable. *Stone v. Stone*, 842 P.2d 545, 547 (Wyo.1992) (citing *Madden*, 558 P.2d at 670). We have held that where a court alters reasonable visitation to supervised visitation, without benefit of a modification hearing, and indefinitely denies a parent visitation with children except under supervised conditions, such a drastic modification is not interlocutory but is an appealable final order. *Matter of SAJ*, 942 P.2d 407, 409 (Wyo.1997). Here, Father was held in contempt and his visitation modified as a sanction; accordingly, we hold that this order affected his substantial rights and is appealable. *SAJ*, 942 P.2d at 409.

---

1. The court had been presented with a photo of the family, including mother, swimming nude when the children were aged five and two.

2. Apparently a reference to the fact that Father is from Europe and not a U.S. citizen.

[¶ 9] On the merits, Father contends that the admonition was an interlocutory order that merged with the divorce decree and was extinguished. He contends that Wyo. Stat. Ann. § 20–2–203(a) (LexisNexis 2003) grants the district court continuing subject matter jurisdiction to enforce decrees but not to enforce a temporary order, which is not made part of the final decree, and the order is void and null. Mother contends that father failed to timely appeal the interlocutory order after the July hearing and is precluded from now collaterally attacking its contents and also contends that the final decree adopted the order as the law of the case.

[¶ 10] Father has properly appealed the contempt order and not collaterally attacked the earlier admonition. Mother presents no evidence that the admonition was actually adopted by the divorce decree to become the law of the case. Thus, Father has presented the proper issue for our review, which is whether the district court lacked subject matter jurisdiction to enforce the admonition because it was an interlocutory order that merged with the divorce decree and was extinguished.

[¶ 11] Jurisdiction is essential to the exercise of judicial power, and whether a court had subject matter jurisdiction is always subject to review and cannot be waived. *Terex Corp. v. Hough,* 2002 WY 112, ¶ 5, 50 P.3d 317, ¶ 5 (Wyo.2002).

Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction.

*Id.* (quoting *Boyd v. Nation,* 909 P.2d 323, 325 (Wyo.1996)).

[¶ 12] Courts maintain continuing subject matter jurisdiction to enforce or modify decrees and may use contempt as a sanction to enforce court orders. Wyo. Stat. Ann. §§ 20–2–203(a) and –204. The statute limits the continuing subject matter jurisdiction to enforcement of decrees. We generally determine the intent of a statute by its language if plain and unambiguous. *Parker Land & Cattle Co. v. Wyoming Game & Fish Comm'n,* 845 P.2d 1040, 1043 (Wyo.1993). The statutory language plainly evidences no intent to allow enforcement of an interlocutory order.

[¶ 13] The general rule is that all provisional or interlocutory proceedings in a matter are merged in, and disposed of, by the final decree. *Hinrichs v. Office of Family & Children of Allen County,* 798 N.E.2d 867, 872 (Ind.App.2003). Our review of the record does not show evidence that the oral admonition was a permanent injunction that survived entry of the divorce decree. The admonition was delivered from the bench after a motion hearing about temporary visitation until the parties' competing custody claims could be heard on the merits at trial. The motion was dismissed without allowing Father to present evidence; and, although Father was admonished, the district court's instruction to Father was not a final order that reached or determined the substantive rights of the parties from which Father could have appealed. Plainly, then, the oral admonition was interlocutory.

[¶ 14] Mother and Father entered into a settlement agreement that resolved fitness, custody and visitation issues, and the admonition was not made part of the agreement or the decree. The controversy that had resulted in the admonition was resolved at that time and, therefore, necessarily merged into the divorce decree and was extinguished. After entry of the divorce decree, the interlocutory order did not exist to be enforced by later proceedings.

[¶ 15] Although the divorce decree was entered without incorporating the court's earlier admonition, the court relied on it to issue an order to show cause why Father should not be held in contempt and then issued a contempt order for violating that

order. After the divorce decree was entered, however, that earlier oral admonition merged and no longer existed. The district court did not have subject matter jurisdiction to enforce an interlocutory order, and the contempt order is null and void. Therefore, the contempt order is vacated.

### Temporary Modification of Child Visitation

[¶ 16] At the time of the contempt hearing, Mother's petition to modify child visitation and child support was pending. While it is unfortunate that the district court's order temporarily modifying Father's visitation with his minor children was founded within the context of contempt, the district court retained jurisdiction to enter temporary orders which the district court found to be in the best interests of the minor children regarding Mother's petition. Hence, we would affirm the portion of the district court's order that modified Father's visitation with his minor children. As clearly stated in the district court's order, Father's modified visitation requiring him to have supervised visits with his minor children at Mother's residence was merely temporary pending formal hearing on Mother's petition. Indeed, the district court even went further to particularly specify that Mother should not treat the ordered visitation modification as a victory and admonished Mother not to characterize it as such with the children.

[¶ 17] As set forth above, courts maintain subject matter jurisdiction to enforce or modify decrees. Wyo. Stat. Ann. § 20–2–203(a). This statute provides a court with subject matter jurisdiction to enforce or modify a final decree concerning the care, custody, and visitation of the children as the circumstances of the parents and needs of the children require on either a temporary or permanent basis. *Id. See also* Wyo. Stat. Ann. §§ 20–2–201, –202, and –204.

[¶ 18] Hence, while we reverse the order of the district court finding Father in contempt, we affirm the district court's order temporarily modifying Father's visitation with the children pending formal hearing on Mother's petition, holding that the district court had jurisdiction to do so outside any contempt proceeding.