2006 WY 89

**In the Matter of the ADOPTION OF JRH, Minor Child:**

**MJH, Appellant (Respondent),**

v.

**AV and DV, Appellees (Petitioners).**

**No. C–05–9.**

Supreme Court of Wyoming.

July 21, 2006.

**684**

Representing Appellant: Bert T. Ahlstrom, Jr., of Ahlstrom Law Offices, Cheyenne, Wyoming.

Representing Appellees: Christopher M. Wages, of Goodard, Wages & Vogel, Buffalo, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, biological father, appeals from the district court's order granting the adoption of his daughter without his consent. We affirm.

*Chief Justice at time of oral argument.

1. The record before us does not contain a transcript of the hearings. The parties also failed to file a statement of the evidence pursuant to W.R.A.P. 3.03. For the limited purpose of gener-

### ISSUES

[¶ 2] Father presents the following issue for review:

Whether the district court abused its discretion in holding that the nonconsenting biological father in a contested adoption proceeding had willfully failed to pay child support, thus allowing the adoption to proceed without his consent pursuant to Wyo. Stat. Ann. § 1–22–110(a)(ix) (LexisNexis 2003)?

Appellees, Mother and adoptive Father, present an additional issue for review:

Whether this appeal must be dismissed because it was not timely filed?

### FACTS

[¶ 3] Appellant and Mother were not married at the time their daughter was born on August 21, 1999.[1] On February 2, 2000, an order was entered establishing paternity and requiring Appellant to pay $168.00 per month in child support. Soon thereafter, Appellant was convicted of a criminal offense. As a consequence, he completed the Youthful Offender's Program and was placed on intensive supervised probation. In November 2001, Appellant was arrested for a felony drug offense. He was subsequently convicted. As a result of this offense, Appellant served time in the Laramie County jail, the Wyoming State Penitentiary, the Wyoming Honor Farm and the Adult Community Corrections (ACC) facility in Cheyenne. He was still in the ACC program when the petition for adoption was filed.

[¶ 4] In 2004, Appellant petitioned the district court for a reduction in his child support obligation. The district court determined that Appellant's net monthly income was $1,200.00 per month and entered an order increasing Appellant's support obligation to $254.00 per month effective September 1, 2004. From November 2001 through August 2004, Appellant's total support obligation was $5,712.00. He paid only $895.10. From September 1, 2004, through

ating this contextual portion of the opinion, the following facts are derived from the district court's Findings and Conclusions Regarding Adoption Without Consent.

the date of the hearing on the necessity of consent, Appellant paid a total of $800.00 in child support. Appellant made no payments on his arrearages after the petition to adopt was filed. Prior to trial in March 2005, Appellant had not seen his daughter since June 2002.

[¶ 5] Mother and adoptive Father began living together in 2001. They married prior to the initiation of the adoption proceedings. The adoption petition and Mother's consent to the adoption were filed on October 7, 2004. Appellant filed his response objecting to the adoption on November 10, 2004. An unreported bench trial was held on March 21, 2005, to determine whether Appellant's consent to the adoption was necessary. On April 12, 2005, the district court issued its "Findings and Conclusions Regarding Adoption Without Consent" (Findings and Conclusions). The court determined that Appellant's consent to the adoption was not required pursuant to Wyo. Stat. Ann. § 1–22–110(a)(ix) (LexisNexis 2003) because he had willfully failed to pay seventy percent of court ordered child support for a period exceeding two years prior to the filing of the petition and had failed to bring his support obligation current within sixty days after service of the petition to adopt.

[¶ 6] Following issuance of the district court's Findings and Conclusions, a subsequent hearing was held in May 2005, regarding the suitability of petitioner as an adoptive father. The district court determined that the petition for adoption should be granted and entered the Decree of Adoption on May 31, 2005. This appeal followed.

## DISCUSSION

[¶ 7] Appellant contends the district court erred by granting the adoption without his consent. He claims that sufficient evidence does not exist to support the finding that his failure to meet his child support obligation was willful. He contends that his failure to pay the required support resulted solely from his incarceration.

[¶ 8] Mother and adoptive father claim that the evidence supports the district court's decision. They also request dismissal of this appeal on the basis that Appellant failed to file a notice of appeal within thirty days from entry of the Findings and Conclusions. They claim that the consent determination made in the Findings and Conclusions effectively ended Appellant's participation in the adoption proceeding and constituted a final appealable order.

### A. Timeliness of the Appeal

[¶ 9] The threshold issue in this case is whether the appeal was timely. "The timely filing of a notice of appeal ... is jurisdictional." W.R.A.P. 1.03. Where we lack jurisdiction, an appeal must be dismissed. *Yeager v. Forbes,* 2003 WY 134, ¶ 14, 78 P.3d 241, 247 (Wyo.2003); *Harding v. Glatter,* 2002 WY 124, ¶ 6, 53 P.3d 538, 539 (Wyo.2002). An appeal is timely if it is filed with the clerk of the district court within thirty days of the entry of the "appealable order." W.R.A.P. 2.01. An "appealable order" is defined as:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

W.R.A.P. 1.05.

[¶ 10] Mother and adoptive Father contend that the Findings and Conclusions en-

tered by the district court constitute an appealable order. Appellant asserts that the Findings and Conclusions were not in the form of an order and cannot constitute an order "in any respect." *See Broadhead v. Broadhead,* 737 P.2d 731, 733 (Wyo.1987) ("findings of fact and conclusions of law 'not in the form of an order' cannot be considered as a *final order* for purposes of appeal") (emphasis in original). Appellant claims that the Findings and Conclusions did not make a final determination from which an appeal could be taken because the district court had not yet granted the adoption and the specific terms of the Findings and Conclusions reflected that further action was contemplated.[2] He contends his appeal was timely because it was filed within thirty days of entry of the Decree of Adoption.

■ [¶ 11] Regardless of whether the Findings and Conclusions are deemed an "order," our jurisprudence permits an appeal from the final decree of adoption. *Geerts v. Jacobsen,* 2004 WY 148, ¶ 13, 100 P.3d 1265, 1269 (Wyo.2004) ("The general rule is that all provisional or interlocutory proceedings in a matter are merged in, and disposed of, by the final decree."); *In re Adoption of CJH,* 778 P.2d 124, 126 (Wyo.1989) (the order regarding willfulness of failure to pay child support was an interlocutory order and became final upon the entry of the final decree of adoption); *In re Adoption of RHA,* 702 P.2d 1259, 1260, 1262 (Wyo.1985) (appeal was from the final order of adoption even though alleged error related to the consent determination). *See also In re Adoption of TLC,* 2002 WY 76, ¶ 1, 46 P.3d 863, 866 (Wyo.2002) (appeal taken from the district court's order granting the adoption); *In re Adoption of KJD,* 2002 WY 26, ¶ 20, 41 P.3d 522, 527 (Wyo.2002) (appeal taken from the final decree of adoption); *In re Adoption of CF,* 2005 WY 118, ¶¶ 8–9, 120 P.3d 992, 998 (Wyo. 2005) (appeal from the final decree of adoption).

[¶ 12] We conclude the appeal was timely filed. Appellant filed his notice of appeal within thirty days of entry of the Decree of Adoption. Appellant's failure to file a notice of appeal within thirty days after the district court issued its Findings and Conclusions does not bar our review.

## B. Willful Failure to Pay Child Support

■ [¶ 13] District courts have the power and discretion to grant adoptions without parental consent "provided all the statutory elements are satisfied." *See In re Adoption of CF,* ¶ 10, 120 P.3d at 998. We review adoption decrees under the abuse of discretion standard:

> The power to grant or deny a petition for adoption is within the discretion of the trial court. *Matter of Adoption of BGH,* 930 P.2d 371, 377 (Wyo.1996); *Matter of Adoption of GSD,* 716 P.2d 984, 988 (Wyo.1986). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria." *Mintle v. Mintle,* 764 P.2d 255, 257 (Wyo.1988) (quoting *Martin v. State,* 720 P.2d 894, 897 (Wyo. 1986)). "In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably have concluded as it did." *Matter of Adoption of BGH,* 930 P.2d at 377–78 (quoting *Matter of Adoption of CCT,* 640 P.2d 73, 76 (Wyo.1982)).

*Id.,* ¶ 10, 120 P.3d at 998–999. Furthermore, because the right to associate with one's child is a fundamental right protected by the Wyoming and United States Constitutions, adoption statutes are strictly construed when the proceeding is against a nonconsenting parent, and every reasonable intendment is made in favor of that parent's claims. *Id.,* ¶ 11, 120 P.3d at 999. "[T]he party requesting adoption bears the burden of proving the existence of at least one of the statutory factors by clear and convincing evidence." *Id.* We have defined clear and convincing evidence as "that kind of proof which would

---

**2.** The final two paragraphs of the Findings and Conclusions state:

The Court further concludes it should examine Petitioner ... in Chambers to determine his suitability to be an adoptive father and whether or not that relationship would be in the best interest of [JRH].

The Court further concludes that if Petitioner appears to be an appropriate adoptive father, a decree of adoption could be entered herein.

persuade a trier of fact that the truth of the contention is highly probable." *Id.*

[¶ 14] The district court determined that Appellant's consent to the adoption was not required pursuant to Wyo. Stat. Ann. § 1–22–110 (LexisNexis 2003) which states:

(a) In addition to the exceptions contained in W.S. 1–22–108, the adoption of a child may be ordered without the written consent of a parent or the putative father if the court finds that the nonconsenting parent or putative father is unknown and that the putative father has not registered under W.S. 1–22–117 and the affidavit required by W.S. 1–22–109(a)(iv) has been filed with the petition to adopt or if the court finds that the putative father or the nonconsenting parent or parents have:

. . .

(ix) Willfully failed to pay a total dollar amount of at least seventy percent (70%) of the court ordered support for a period of two (2) years or more and has failed to bring the support obligation one hundred percent (100%) current within sixty (60) days after service of the petition to adopt.

[¶ 15] Appellant concedes that he failed to pay at least seventy percent of the court ordered child support for two years or more. He also does not dispute that he failed to bring the support obligation current within sixty days of the filing of the adoption petition. He does not contest the district court's finding that he failed to make any payments on his arrearage after the petition was filed. Appellant's challenge is limited to the district court's finding that his failure to pay was willful. He contends that there was insufficient evidence to support the district court's determination. He states that the evidence supports his position that his failure to pay the required child support was due solely to his incarceration and that he "did the best he could." He relies on *In re Adoption of TLC*, 2002 WY 76, 46 P.3d 863 (Wyo.2002), as support for his position. His reliance is misplaced.

[¶ 16] In *TLC*, we reversed a district court's consent determination because it improperly found a willful failure to pay support because the father was incarcerated. *Id.*, 46 P.3d 863. In *TLC*, the district court found that the willfulness element was met because the conduct giving rise to the father's incarceration was willful. *Id.*, ¶ 33, 46 P.3d at 874. Specifically, the district court stated that the "[Father's] failure to pay child support from October 8, 1998, through October 8, 1999, is a consequence of incarceration which was his own making and which was willful." *Id.* We found this approach to be clearly erroneous. We explained "[t]he act that must be willful is the failure to pay support. Incarceration, standing alone, does not provide the direct intent necessary to constitute willful failure to pay under the pertinent statute." Id., ¶ 34, 46 P.3d at 874. We reasoned that to hold otherwise would allow the granting of an adoption without parental consent to be "based upon a mere desire to compound the sentence for a parent's past crime." *Id.*, ¶ 34, 46 P.3d at 874–875.

[¶ 17] However, and significantly for purposes of this case, we also noted in *TLC* that incarceration does not provide total justification for nonpayment of child support. Id., ¶ 36, 46 P.3d at 875. We reiterated that "[a] parent must always pay child support according to his or her financial ability." Id. We instructed that the "courts should look at whether the parent has demonstrated, through whatever financial means available to him, that the parent has not forgotten his statutory obligation to his child." *Id.*

[¶ 18] In this case, the district court did not make a specific finding that Father's willful failure to pay was due to incarceration. Rather, the finding related to "willfulness" simply stated:

21. Pursuant to W.S. § 1–22–110(a)(ix) Father has willfully failed to pay at least 70% of court-ordered support for periods exceeding two years. Also, Father did not make any payments toward arrearages after being served with the petition to adopt herein.

The underlying basis for this finding was not set forth by the district court.

[¶ 19] Appellant bears the burden of providing this court with a sufficient record to allow proper evaluation of the dis-

trict court's decision. *Beeman v. Beeman,* 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo. 2005). Appellant failed to do so in this case. The consent determination hearing was unreported and a statement of the evidence was not filed pursuant to W.R.A.P. 3.03. As a result, our review is limited to the district court's findings of fact. *In re Adoption of TLC,* ¶ 14, 46 P.3d at 869. The district court found that Appellant's failure to pay the requisite child support was willful and concluded that his consent was not required for the adoption. Although Appellant argues that clear and convincing evidence does not support that finding, without a sufficient record to review, we must assume that the district court's findings are adequately supported by the evidence presented at the hearing. *Id.* Based upon the record before us, we find no error in the district court's determination that Appellant's consent to the adoption was not required.

[¶ 20] Affirmed.

VOIGT, Chief Justice, specially concurring, with whom GOLDEN, Justice, joins.

[¶ 21] I concur in the result of this case, but the appeal should have been dismissed as untimely. The appellant should have appealed from the Findings and Conclusions Regarding Adoption Without Consent because, thereafter, he was no longer a party to the case. The adoption statutes clearly envision a bifurcated process. In the first hearing, a determination is made whether a defendant's parental rights should be terminated or whether the adoption should proceed without his consent. *See Matter of Adoption of MSVW,* 965 P.2d 1158, 1163–64 (Wyo.1998); *Matter of Adoption of JLP,* 774 P.2d 624, 627 (Wyo.1989); and *Matter of Adoption of RHA,* 702 P.2d 1259, 1263–64 (Wyo.1985). The defendant is a party to that proceeding. In the second hearing, a determination is made whether the proposed adoptive parent is appropriate. The defendant is not a party to that proceeding, does not receive notice of the proceeding, and is not served with a copy of the resultant decree. It simply cannot be that the adoption statutes and the amended appellate rules contemplate the defendant

taking an appeal from something of which he has no official knowledge.