253 P.3d 149 (2011)
2011 WY 78
In the Matter of the ADOPTION OF RMS, Minor child.
EOS, Appellant (Respondent),
v.
JLS and RS, Appellees (Petitioners).
No. S-10-0209.
Supreme Court of Wyoming.
May 5, 2011.
*150 Representing Appellant: Tamara K. Schroeder of Chapman Valdez, Casper, Wyoming.
Representing Appellees: Stacy E. Casper of Casper Law Office, LLC, Casper, Wyoming.
Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.
KITE, Chief Justice.
[¶ 1] EOS, biological mother (Mother), appeals from the order allowing JLS's and RS's (Father and Stepmother) petition to adopt minor child, RMS, to proceed without Mother's consent because she did not pay child support for a year before the petition was filed. She claims there was insufficient proof that her failure to pay child support was willful.
[¶ 2] We affirm.

ISSUE
[¶ 3] Mother presents the following issue on appeal:
1. The District Court abused its discretion by allowing the petition for adoption to proceed without the consent of the Appellant (Respondent). The evidence was insufficient to support a finding that the Appellant had willfully failed to pay child support.
Although phrased differently, Father and Stepmother essentially present the same issue.

FACTS
[¶ 4] Mother and Father are the biological parents of RMS. The parents divorced in 2006, and were initially awarded joint custody of the child. In 2008, the district court issued a modification order granting Father primary custody of RMS and requiring Mother to pay $250 per month in child support. Later that year, Father married Stepmother. Mother made one partial child support payment in April 2008, but thereafter did not pay any child support.
[¶ 5] On March 2, 2010, Father and Stepmother filed a petition to adopt RMS. They asserted that the adoption should be granted without Mother's consent under Wyo. Stat. Ann. § 1-22-110(a)(iv) (LexisNexis 2009) because she had willfully failed to contribute to the support of RMS for one year immediately prior to filing the adoption petition. At the time the petition was filed, Mother was over $5,000 in arrears on her child support obligation.
[¶ 6] Mother conceded that she had not paid child support and she did not bring her support obligation current after the petition was filed. She asserted, however, that her failure to pay support was not willful because she was unemployed and did not have the ability to pay. The district court held a hearing and ruled that Father and Stepmother had established by clear and convincing evidence that Mother's failure to support the child was willful and the adoption could proceed without her consent. Mother appealed.

*151 STANDARD OF REVIEW
[¶ 7] Mother challenges the sufficiency of the evidence to support the district court's decision. Courts have the authority and discretion to grant adoptions without parental consent "provided all the statutory elements are satisfied." TF v. Dep't of Family Servs., 2005 WY 118, ¶ 10, 120 P.3d 992, 998 (Wyo.2005). We review the district court's decision for abuse of discretion. MJH v. AV, 2006 WY 89, ¶ 13, 138 P.3d 683, 686 (Wyo.2006). "`In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did.'" GWJ v. MH, 930 P.2d 371, 377-78 (Wyo.1996), quoting ALT v. DWD, 640 P.2d 73, 76 (Wyo. 1982).
[¶ 8] We apply our traditional principles of evidentiary review when a party challenges the sufficiency of the evidence supporting an adoption without consent. On appeal, the evidence is examined in the light most favorable to the party prevailing below, assuming all favorable evidence to be true while discounting conflicting evidence presented by the unsuccessful party. CJ v. SA, 2006 WY 49, ¶ 5, 132 P.3d 196, 199 (Wyo. 2006).

DISCUSSION
[¶ 9] Father and Stepmother petitioned for adoption under § 1-22-110(a)(iv), which states in pertinent part:
(a) [T]he adoption of a child may be ordered without the written consent of a parent ... if the court finds that ... the nonconsenting parent or parents have:
....
(iv) Willfully failed to contribute to the support of the child for a period of one (1) year immediately prior to the filing of the petition to adopt and has failed to bring the support obligation current within sixty (60) days after service of the petition to adopt[.]
[¶ 10] A district court's determination that a parent's consent for an adoption is not required effectively terminates that parent's parental rights. PAA v. Doe, 702 P.2d 1259, 1264 (Wyo.1985); SLH v. CST, 778 P.2d 124, 126 (Wyo.1989). The right to associate with one's family is fundamental; consequently, courts strictly scrutinize petitions to terminate a parent's rights to his or her children. CL v. Wyo. Dep't of Family Servs., 2007 WY 23, ¶ 9, 151 P.3d 1102, 1105 (Wyo.2007). The petitioners have the obligation to establish by clear and convincing evidence that termination and adoption is appropriate. SLJ v. Dep't of Family Servs., 2005 WY 3, ¶ 19, 104 P.3d 74, 79-80 (Wyo.2005). "`Clear and convincing evidence is that kind of proof that would persuade a trier of fact that the truth of the contention is highly probable.'" Id., quoting MN v. Dep't of Family Servs., 2003 WY 135, ¶ 5, 78 P.3d 232, 234 (Wyo.2003).
[¶ 11] The record does not contain a transcript of the hearing; however, the district court approved, pursuant to W.R.A.P. 3.03, Mother's statement of the evidence as amended by Father's and Stepmother's submission. The evidence established:
 Mother was ordered to pay $250 per month in child support beginning April 1, 2008.
 She paid only one payment of $170 in April, 2008, and at the time of the hearing, she was $6,330 in arrears.
 Mother quit her job at a daycare shortly after being ordered to pay child support.
 Although Mother had employment experience at the daycare and as a cashier, housekeeper and nursing assistant, she had been unemployed since she quit the daycare job, except for the babysitting described below.
 Mother had no physical or mental disabilities which prevented her from working.
 Mother did not have a high school education and had enrolled in a GED program, but later quit it.
 Mother lived with her parents who provided all of her clothing and food and purchased cigarettes for her.
 Mother did not petition for modification of her child support obligation.
 Mother testified that she had applied for numerous jobs, but had not been offered one. She also had not pursued *152 any means of self employment, such as daycare provider or lawn mowing, to earn a living.
 Mother had not registered for any employment services.
 Mother received $100 for babysitting for her cousin between April 2008 and January 2009. She did not use any of that money to pay her child support.
 Mother testified that she was not deliberately remaining unemployed and she wanted to pay her child support, but did not have the means to do so.
Based upon these facts, the district court concluded that Father and Stepmother had proven by clear and convincing evidence that Mother had willfully failed to support her child.
[¶ 12] Mother concedes that she failed to pay her court-ordered child support. She claims, however, that the district court erred by concluding that her non-payment of child support was willful. Mother asserts, "[n]othing worse has been proven about [her] than that she is poor and uneducated." As used in the adoption statute, "willfully" means "`intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly.'" MVC v. MB, 982 P.2d 1246, 1249 (Wyo.1999), quoting Matter of Adoption of CJH, 778 P.2d 124 (Wyo.1989).
[¶ 13] Mother claims that her failure to pay child support was not willful because she was unemployed and did not have the ability to pay. Relying on TOC v. TND, 2002 WY 76, 46 P.3d 863 (Wyo.2002), she asserts that simple proof of her failure to pay is insufficient as a matter of law to justify terminating parental rights. That decision stated:
Clearly, by inclusion of the modifying term "willfully" the statute[1] draws a distinction, as it must, between the parent who though financially able to pay his court-ordered child support is unwilling to do so, and the parent who though willing to pay his court-ordered child support is financially unable to do so. "A natural parent's failure to support his or her child does not obviate the necessity of the parent's consent to the child's adoption, where the parent's financial condition is such that he or she is unable to support the child." 2 Am.Jur.2d Adoption § 88 (1994).
Id., ¶ 27, 46 P.3d at 873 (some citations omitted and footnote added).
[¶ 14] Mother gives an overly broad interpretation to TOC. Although we have stated that a parent's inability or lack of means to pay may refute an allegation of willful failure to pay child support, that does not mean a parent's unemployment, and resulting inability to pay child support, is always excusable. A parent has the responsibility to pay child support in accordance with his or her financial ability. MJH, ¶ 17, 138 P.3d at 687; TOC, ¶ 36, 46 P.3d at 875. In determining the willfulness of the parent's failure to pay, the "courts should look at whether the parent has demonstrated, through whatever financial means available to him, that the parent has not forgotten his statutory obligation to his child." TOC, ¶ 36, 46 P.3d at 875. Willfulness is rarely shown directly and there is often conflicting evidence on the element. Consequently, it is "within the district court's province to weigh the evidence and judge credibility of the witnesses." CJ, ¶ 18, 132 P.3d at 203.
[¶ 15] The Tennessee Court of Appeals offers some guidance on how disputed evidence may be weighed in such cases. In In re Pauline M., 2010 WL 4515062 (Tenn.Ct. App. Nov. 10, 2010), the father had the innate ability to be employed, yet he chose to either remain unemployed or accept jobs below his employment potential. In addition, he was discharged from his last employment for cause because he was observed sleeping on the job. Id. at *5. Although he did earn *153 modest amounts of money during the relevant period of time, his child support payments were much less than his court ordered obligation. The court concluded that the record included clear and convincing evidence that he abandoned his children by willfully failing to support them. Id. at *6.
[¶ 16] In the instant case, the evidence established that Mother worked at a daycare until shortly after the child support order was entered, at which time she voluntarily ended her employment, and hence voluntarily terminated her means of providing support. Although she testified that she applied for jobs after that, without success, she did not take other steps to improve her prospects of becoming employed such as registering with an employment service or finishing the GED program to enhance her education. In addition, when Mother secured a job babysitting for her cousin and was paid for those efforts, she did not pay any of that money toward her child support obligation, despite the fact that her parents were paying for her living expenses. Although she testified that she did not voluntarily remain unemployed to avoid her child support obligation, the district court weighed the evidence and concluded she acted willfully.
[¶ 17] The district court's conclusion that Mother acted "intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly'" when she did not pay child support was supported by the evidence. MVC, 982 P.2d at 1249, quoting CJH, 778 P.2d 124. Contrary to her assertion, the record does not establish that she was being punished simply for being poor and uneducated. The evidence shows that Mother did not take the reasonable or logical steps necessary to become employed and support her child. In other words, she failed to demonstrate that, through whatever financial means were available to her, she had not forgotten her legal obligation to support her child. See TOC, ¶ 36, 46 P.3d at 875. The district court did not abuse its discretion by concluding there was clear and convincing evidence that Mother willfully failed to support her child.
[¶ 18] Affirmed.
NOTES
[1] TOC was discussing a different provision of § 1-22-110(a). Subsection (ix) provides for adoption without parental consent if the parent has willfully failed to pay at least 70% of support for a period of at least two years. Section 1-22-110(a)(ix). The analysis is, however, relevant in interpreting § 1-22-110(a)(iv). See, e.g., CJ v. SA, 2006 WY 49, ¶ 8, 132 P.3d 196, 200 (Wyo. 2006) ("The willfulness requirement must be satisfied in order to grant an adoption under either subsection (ix) or (iv).").